## WALL *v.* WHISLER.

*A.* having recovered a judgment against *B.* upon which an execution was issued and returned *nulla bona,* filed an affidavit stating the recovery of the judgment and the issuing and return of the execution, and that *C.* was indebted to *A.* 155 dollars on note and mortgage. *C.* was summoned to answer, but *B.* was not made a party. *Held,* that this was error.

APPEAL from the *Wabash* Court of Common Pleas.

WORDEN, J.—*Whisler*, having recovered a judgment against one *Lent*, in the Circuit Court of *Wabash* county, and having issued an execution thereon which was returned *nulla bona*, filed an affidavit stating the recovery of the judgment, and the issuing and return of the execution, and that the appellant, *Wall*, was indebted to *Lent* in the sum of 155 dollars on note and mortgage. *Wall* was summoned to answer, but *Lent* was not in any manner made a party to the proceedings. *Wall* appeared, and moved to set aside the complaint and dismiss the proceedings for the want of proper parties, but his motion was overruled and he excepted. *Wall* then answered, and such proceedings were had as led to an order by the Court that *Wall* pay the money into the hands of the clerk of the Court, there to await its further order. The proceedings were had under the provisions of sections 522 and those following, of the act concerning "proceedings supplementary to execution." 2 R. S. p. 153.

We are of opinion that the order of the Court, in this

case, cannot be sustained. *Lent*, the judgment-debtor,
was, in our opinion, an indispensable party to the pro-
ceedings, for two reasons if for no other: First, he had a
right to show that the debt sought to be reached, together
with other property, if any, claimed by him as exempt
from execution, did not exceed the amount exempted by
law from execution, and that he was entitled to claim it as
exempt.    Second, if the proceeding against *Wall* would be
no bar to a suit by *Lent* against him for the same cause of
action, *Lent* not being a party, he should be made a party
in order that the proceeding should be final, and that *Wall*
should not be placed in a situation that might require him
to pay the debt twice.    If the proceeding in the absence
of *Lent* would be a bar to an action brought by *Lent*
against *Wall* for the same cause of action, then *Lent* was
a necessary party, in order that he might have a "day in
Court," and be permitted to sustain the alleged claim
against *Wall*.    In either view, *Lent* was a necessary party
in order to a proper and final determination of the mat-
ter in controversy.

The 22d section of the code, provides that "The Court
may determine any controversy between the parties before
it, when it can be done without prejudice to the rights of
others, or by saving their rights; but when a complete de-
termination of the controversy cannot be had without the
presence of other parties, the Court must cause them to
be joined as proper parties."

We have seen that *Lent* was an indispensable party, in
whose absence a complete determination of the contro-
versy could not be had, and we think it was fatally errone-
ous to proceed to a determination in his absence.

*Per Curiam.*—The order of the Court below is reversed,
and the cause remanded, with leave to the plaintiff to
make *Lent* a party to the proceeding.

*J. U. Petitt* and *C. Cowgill*, for the appellant.

*J. M. Washburn*, for the appellee.