Nov. Term, 1861.

CHANDLER
v.
CALDWELL.

*J. & A. B. Collins*, for the appellants.

---

## CHANDLER and Others *v.* CALDWELL.

Proceedings in aid of execution against *A.*, *B.* and *C.*, alleging the issuing of an execution on a judgment against *A.*, and that *B.* and *C.* had in their hands personal property, money, rights, &c., belonging to *A.*, with which the judgment might be paid &c. Answer: 1. Denying that any execution had issued on the judgment. 2. That *B.* and *C.* held the said goods, &c., by virtue of a deed of trust executed by *A.* in favor of certain of his creditors. The Court found that *B.* and *C.* had in their hands *choses in action* belonging to *A.* sufficient to pay the plaintiff's judgment, and

ordered that they deliver over to the sheriff notes and accounts sufficient to pay the same. The judgment was rendered on the pleadings and accompanying exhibits, without any proof.

*Held*, that § 522 of the Code, which authorizes a proceeding against persons who may have property of the debtor in their hands, or who may be indebted to him, contemplates that the execution defendant is to be made a party with such other persons.

*Held*, also, that there should have been proof of the issuing of an execution upon the judgment, that fact being denied by the answer.

*Held*, also, that if the assignment set up in the third paragraph of the answer was valid, the judgment was wrong; and such assignment was not void because it hindered and delayed creditors, and actually prevented some, intentionally, from obtaining payment at all out of the property assigned.

*Held*, also, that the judgment was wrong in directing the delivery to the sheriff of accounts to be applied on the execution, as they were not subject to sale on execution without the consent of the debtor.

APPEAL from the *Shelby* Common Pleas.

PERKINS, J.—On *August* 25, 1857, *James Caldwell* made an affidavit before the clerk of the *Shelby* Common Pleas, that an execution had issued upon the judgment in a certain cause, (describing it,) against the goods, &c., of *Samuel S. Chandler*, and that "*Augustus C. Handy* and *Alexander M. Hargrave* have in their hands personal goods, moneys, rights and effects of the said *Chandler*," with which the judgment might be paid, and over and above three hundred dollars' worth, &c.

The three parties named, were summoned before the Court.

The defendants answered: 1. Denying that any execution had issued on the judgment. 2. Denying, generally, the truth of each and every allegation in the affidavit. 3. Specially admitting the judgment mentioned in the affidavit, but not the execution, and averring that *Handy* and *Hargrave* had no property of the execution defendant in their hands; but that the property which they held, which had once belonged to him, was vested in them, in trust, under and by virtue of the following written instrument, executed in good faith, viz.,

"The undersigned, creditors of *Samuel S. Chandler*, each

Nov. Term, 1861.

CHANDLER
v.
CALDWELL.

*Thursday, December* 5

Nov. Term,
1861.

CHANDLER
v.
CALDWELL.

for himself, agrees to and with said *Chandler*, that he, said *Chandler*, shall make an assignment of all his property, real and personal, except three hundred dollars' worth, to *A. C. Handy* and *A. M. Hargrave*, as trustees for our benefit, agreeing upon a *pro rata* division of it by said trustees, among us, to release said *Chandler* from any further liability to us on our claims against him; and should said property be more than sufficient, when faithfully and judiciously converted by said trustees into cash, to pay our claims in full, the overplus shall be returned to said *Chandler*."

Signed by said *Chandler*, the trustees, and thirty persons, being, as is supposed, creditors.

Demurrer to the third paragraph of the answer sustained. Final judgment for the plaintiff, as follows, viz., "that there were choses in action belonging to *Chandler* in the hands of *Handy* and *Hargrave*, sufficient to pay the plaintiffs' judgment; and that they pay over, and deliver to the sheriff, &c., notes or accounts sufficient to pay, &c., and that they be restrained," &c.

The bill of exceptions states that this judgment was rendered upon the pleadings, without any evidence, either written or parol, except the pleadings and accompanying exhibits; and that "this was all the evidence given in the cause." Our statute providing for proceedings supplementary to execution, is an article of the code, 2 R. S., p. 152, composed of eight sections; the first four of which give proceedings against the judgment debtor alone, for the discovery of his property which may be concealed in his own or some other person's possession; and which, if discovered, might be levied on by virtue of an execution in the officer's hands.

The fifth section of the article, being § 522 of the code, gives a proceeding against other persons than the execution defendant, who may be charged with having property of the debtor in their hands, or who may be indebted to him. This section contemplates that the execution defendant is to be made a party with such other persons. *Wall* v. *Whisler*, 14 Ind. 228.

The remaining sections relate to matters common to the

proceedings against the execution defendant alone, and
against other persons.

The proceeding in the case at bar, was commenced under
§ 522, against other persons than the execution defendant,
though, as we have seen, he was also made a party. As
this proceeding could not be instituted till after the issuing
of execution, and such issue was denied, it was necessary,
on the trial, to prove the issue of execution as alleged.
There does not appear to have been such proof.

Again, if the assignment set up in the third paragraph of
the answer, which was removed from the record by the ruling
on the demurrer, was valid, then *Handy* and *Hargrave* had
no property belonging to the execution defendant in their
hands, nor did they at the time owe him any thing; and, on
this hypothesis, the judgment was wrong. The assignment
was not void on its face, as it was made before our present
statute relative to assignments. It was not void on its face
at common law. See Burrill on Assignments, chapters 13
and 14. It purports to assign all the debtor's property, does
not show that there are any other than the creditors pro-
vided for, and contains no compulsory clause for release.
An assignment for the benefit of creditors, even preferred
creditors, is not void for the reason that it hinders and delays
creditors, and actually prevents some, intentionally, from ob-
taining payment at all out of the property assigned. An
assignment, or a conveyance to an individual in trust, for the
benefit of the assignor, and to prevent any and all creditors
from reaching the property, when necessary for the payment
of their claims, would be. See Burrill, *supra*, chap. 11.

Again, the judgment was wrong in directing, even if the
assignment was void, the delivering over to the sheriff of
accounts to be applied on the execution. They were not sub-
ject to sale on execution without the consent of the debtor.
2 R. S., § 438, p. 136. Such sale, indiscriminately, of all
choses in action, where buyers could have no knowledge of
their validity, or of set-offs that might exist, would lead to a
ruinous sacrifice of property. The Court should have per-
mitted them to be collected by the assignees, or have ap-
pointed a receiver to collect them, if it held the assignment

Nov. Term, void. 2 R. S., p. 73; How. (N. Y.) Code, 483. *Brisco* v.
1861.    *Askey*, 12 Ind. 666, indicates a judgment that might be ren-
BENTON   dered in such case.
v.            *Per Curiam.*—The judgment below is reversed, with costs.
WOOD.    Cause remanded for further proceedings.
         *R. A. Riley* and *R. L. Walpole*, for the appellants.
         *M. M. Ray*, for the appellee.