Cooke *v.* Ross et al.

---◇◆●---

COOKE *v.* ROSS *et al.*

PROCEEDINGS SUPPLEMENTARY TO EXECUTION—PRACTICE—JURISDIC-
TION.—1. Creditors, who regularly institute these proceedings, ac-
quire a lien upon the claim intended to be reached, from the time
of the service of process on the defendant, and the subsequent
assignment of the claim does not divest that lien; nor is it divested
by a subsequent amendment of the original affidavit.

2. It is doubtful whether section 522, 2 G. & H. 261, contemplates
the formation of issues as in ordinary cases.

3. *Semble,* that where these proceedings are instituted against *A,* a
judgment debtor, and *B,* (who is indebted to *A,*) for the purpose
of reaching such indebtedness, the question as to the liability of *B*
can not properly be raised by *A* in his pleadings.

4. But, at least, it is competent for the plaintiff to waive the answer
of the debtor, and, having done so, it is competent for the Court to
refuse the debtor leave to file an answer and make new parties, &c.

5. These proceedings may be instituted in a Court different from that
in which the original judgment was rendered and out of which the
execution was issued.

APPEAL from the *Knox* Common Pleas.

DAVISON, J.—This was a suit instituted by *Ross* against
*Cooke* and *Burtch,* under the statute regulating "proceedings

supplementary to executions." 2 R. S. p. 260. The complaint, which is in the form of an affidavit, alleges, in substance, these facts: *Ross*, on the 16th of *August*, 1852, recovered a judgment in the *Knox* Circuit Court against *Cooke* for 2,420 dollars, which is in full force and unpaid, and upon which an execution was issued and returned "no property," &c. On the 15th of *September*, 1855, another execution issued on said judgment, was delivered to the sheriff of *Knox* county, and is now in his hands. *Cooke*, the execution defendant, has no property subject to execution, but *Burtch* is indebted to *Cooke* for money in his hands, on deposit, belonging to *Cooke*, to the amount of at least 1,000 dollars, which ought to be applied to the payment of said judgment, &c. This affidavit was sworn to and filed *September* the 15th, 1855, and on the same day a summons was duly issued and served on the defendants, *Cooke* and *Burtch*. After this, on 19th of *December*, 1855, the affidavit appears to have been re-sworn to.

There is a bill of exceptions which shows that *Cooke* filed an answer to the complaint, alleging, "that the original complaint in this case was filed on the 15th of *September*, 1855, and that afterwards, on the 19th of *December* then next following, he demurred to said complaint, which demurrer was sustained, and thereupon the plaintiff amended and filed the complaint as amended; that before the filing of the amended complaint, to-wit: on the 24th of *September*, 1855, *Cooke* assigned and transferred the "money in the hands of *Burtch*, on deposit," as specified in the complaint, to *Judah* and *Denny*, and that said assignment was made in good faith, &c. A demurrer to this answer was sustained, and *Cooke* excepted. The plaintiff then waived all answer of *Cooke*, and thereupon he, *Cooke*, moved for leave to file an answer and make new parties, &c.; but the Court refused leave, &c. The case was then submitted to the Court for trial, and, the evidence hav-

Cooke *v.* Ross et al.

ing been heard, there was a finding for the plaintiff. New trial refused and judgment.

The demurrer was well taken. From the time of the service of process on the defendants the plaintiff had a lien upon the claim in the hands of *Burtch; Graydon* v. *Barlow,* 15 Ind. 197; and, after that time, *Cooke* had no right to make the assignment. But whether the assignment was, or not, valid, was a question involving the liability of *Burtch,* and one which could not, properly, be raised by *Cooke* in his pleadings. It may be doubted whether section 522, 2 R. S., G. & H., p. 261, upon which this proceeding is based, contemplates the formation of issues as in ordinary cases. *Carpenter* v. *Vanscoten,* 20 Ind. 50. But, be this as it may, the plaintiff had a right "to waive the answer of the debtor," and having done so, in this instance, the ruling of the Court upon the "motion for leave," &c., must be sustained. *Id.* p. 262, § 523.

A point is made in reference to the jurisdiction. It is said that, execution having been issued against *Cooke* upon a judgment of the Circuit Court, the Common Pleas could not take cognizance of this proceeding. We think otherwise. The affidavit may be filed and the suit commenced before "the clerk of any Court of record of any county." *Id.* p. 261, § 519. We perceive no error in the record.

*Per Curiam.*—The judgment is affirmed, with costs against *Cooke,* the appellant, &c.

*J. C. Denny,* for the appellant.