## DANDISTEL *v.* KRONENBERGER ET AL.

PROCEEDING SUPPLEMENTARY TO EXECUTION.—*Section 519 of the Code.*—The complaint in a proceeding supplementary to execution, under section 519 of the code, must state that the execution debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment.

SAME.—*Section 518 of the Code.—Execution Against Part Only of Judgment Defendants.*—If the language of section 518 would seem to contemplate the issuing of an execution against part only of the judgment defendants, it must be held to apply to cases where by statute for any cause such separate execution may issue. The execution should issue not only against the execution defendant, but also against the replevin bail, to authorize proceedings supplementary to execution.

APPEAL from the Vanderburg Circuit Court.

DOWNEY, J.—This proceeding was commenced under the statute relating to proceedings supplementary to execution. 2 G. & H. 260, *et seq.* The appellee has furnished us no brief, and we, as well as counsel for the appellant, are at a loss to know whether the proceeding is intended to be based on section 518 or on 519. There was a verified complaint filed by the plaintiffs, in which they state the recovery of a judgment before a justice of the peace in their favor against the appellant and her husband, who had died after the rendition of the judgment, and before the commencement of

Dandistel *v.* Kronenberger *et al.*

this proceeding, the filing of a transcript of the judgment and the statutory affidavit in the office of the clerk of the Vanderburg Common Pleas, the issuing of an execution thereon and its return *nulla bona*, and that the said judgment remains unpaid. It asks an order to said appellant to appear and answer at the next term of the circuit court as to her property in said county of Vanderburg. The transcript, execution, etc., or copies of them, are filed with the complaint and referred to therein.

The defendant moved the court to dismiss the proceeding, which motion was overruled. She also demurred to the complaint, and her demurrer was overruled. She then answered, and there was a reply, trial by the court, finding for the plaintiffs, motion for a new trial made by the defendant overruled, and judgment for the plaintiffs.

It is quite evident that the proceeding cannot be sustained under section 519; for the complaint fails to state that the judgment debtor has property which she unjustly refuses to apply toward the satisfaction of the judgment, a statement expressly required by that section. The fact that a return of the execution is alleged, which is necessary under section 518, and is not necessary under section 519, and the fact that the order contemplated by section 518, that the defendant appear and answer as to her property in the county, is asked, satisfy us that the proceeding was intended to be predicated upon section 518, and that if it can be sustained at all, it must be under that section.

We are of the opinion, however, that the judgment cannot be sustained under section 518.

That section provides, that "when an execution against the property of the judgment debtor, or any of several debtors in the same judgment, issued to the sheriff of the county where he resides, or if he do not reside in the State, to the sheriff of the county where the judgment is rendered, is returned unsatisfied, in whole or in part, the judgment creditor, after such return is made, shall be entitled to an order," etc. If this language would seem to contemplate the issuing

of an execution against part only of the judgment defendants, it must be held to apply to cases, if any such there be, where by statute, for any cause, such separate execution may issue. As a general rule, the execution must issue pursuant to the judgment, and against the parties who are judgment defendants, and not against a part of them. 2 G. & H. p. 231, sec. 411, and p. 267, sec. 541.

In this case there was replevin bail upon the judgment entered on the docket of the justice of the peace, before the transcript was filed, as appears from the transcript filed with the complaint; and the execution issued by the clerk was issued against the appellant alone, and not against her and the replevin bail jointly, as required by section 84, 2 G. & H. p. 602, and sec. 428, p. 236. Where the issuing and return of an execution are required, it must be intended that a legal execution was meant. The return of the sheriff on the execution was, that the appellant had no property which he could find on which to levy to make the amount of the execution, or any part of it. If the execution had gone out against the principal and the replevin bail jointly, as required, the money might possibly, and for aught that appears, have been made without a resort to this proceeding. At all events, it does not appear from the record that a legal execution was issued and returned no property found, and hence there was no valid and sufficient foundation for the making of an order for the appellant to answer as to her property. This defect goes back to the commencement of the proceeding.

The judgment is reversed, with costs, and the cause remanded, with instructions to dismiss the proceeding.

*P. Maier*, *J. E. McDonald*, *J. M. Butler*, and *E. M. McDonald*, for appellant.

*J. S. Buchanan* and *H. C. Gooding*, for appellees.