## HOADLEY *v.* CAYWOOD ET AL.

PROCEEDING SUPPLEMENTARY TO EXECUTION.—*Parties.*—*Notice.*—*Lien.*—In a proceeding supplementary to execution, both the person indebted to the execution defendant and the execution defendant himself are necessary parties, in order to reach the debt due from such debtor to such defendant; and if after service of the notice of the proceeding upon such debtor, but before service upon the defendant himself, the latter assign the claim held by him, no lien is acquired thereon by the proceeding.

SAME.—*Bankruptcy.*—If such lien has been acquired, the plaintiff waives it by proving his claim in a bankrupt court.

APPEAL from the Hendricks Common Pleas.

BUSKIRK, J.—To fully comprehend the questions of law arising in the record, it is necessary that we should make a chronological statement of the facts.

*First.* Alva Hoadley, on the 17th day of January, 1871, recovered, in the Hendricks Common Pleas, a judgment against Henry V. Caywood, George W. Nash, and William R. Nash, in the sum of one thousand eight hundred and seventy-five dollars.

*Second.* The said Hoadley, on the day next after the rendition of said judgment, caused to be issued thereon an execution, which was, on said day, delivered to the sheriff of said county.

*Third.* The said Hoadley, on the 19th day of January, 1871, commenced this action against the said judgment defendants and John K. Patterson, it being a proceeding, under the statute, in aid of execution. It was charged in the affidavit that the said Patterson was indebted to Caywood by notes in the sum of two thousand and eighty dollars.

*Fourth.* It is not shown by the record when the notice issued in this proceeding was served on Patterson, but in his sworn answer, filed on the 12th day of June, 1871, he states that it was served on him on the 19th day of January, 1871.

*Fifth.* The said Patterson, in his said answer, admitted that when the notice was served on him, he was indebted to the said Caywood, by notes given for and in consideration of certain real estate sold and conveyed by the said Cay-

wood to him, in the sum of two thousand and eighty dollars. The first note was due December 25th, 1871, for one thousand dollars, and the second was due December 25th, 1872, for the sum of one thousand and eighty dollars. He also alleged that there was a lien on said real estate for taxes amounting to the sum of twenty-five dollars and sixteen cents, which sum he asked might be deducted from the note first due.

Sixth. The court, on the 16th day of June, 1871, made an order directing the said Patterson not to pay the money due from him to Caywood to any person until the further order of the court.

Seventh. The said Caywood, on the 10th day of October, 1871, filed his answer, to the effect that, on the 7th day of February, 1871, there was filed in the district court of the United States, in and for the State of Indiana, a petition in involuntary bankruptcy against him and his co-judgment defendants; that on the 17th day of said month, they were adjudged bankrupts; that on the 15th day of March, 1871, Jesse R. Cope, William A. Bradshaw, and William J. Smith were duly chosen and appointed assignees of their said estates in bankruptcy; that on the 18th day of March, 1871, he and the said Nash and Nash duly assigned all their joint and several estates to the said assignees, and that he had especially assigned to the assignees the notes mentioned and described, in the affidavit filed herein, as due from the said Patterson to him. The prayer was, that he should not be required to answer further, and that the said assignees in bankruptcy should be substituted as parties in the place of himself and said Nash and Nash, who had been adjudged bankrupts.

Eighth. The plaintiff moved to reject the answer, for the reason that it was sworn to by the attorney of Caywood, and not by Caywood himself. The motion was overruled, and the appellant excepted and has placed such exception in the record by a bill of exceptions. The appellant then demurred to said answer, upon the ground that it did not

contain facts sufficient to constitute a defence, but the demurrer was overruled, and the appellant again excepted.

Ninth. The court permitted the said Jesse R. Cope, William A. Bradshaw, and William J. Smith, assignees in bankruptcy, as hereinbefore shown, to become parties defendants to this action, in the place of the said Caywood and Patterson. Thereupon, they appeared and filed an answer, stating:

1. That a petition in bankruptcy was filed against the said Caywood, Nash, and Nash, on the 7th day of February, 1871.

2. That they were adjudged bankrupts on the 16th day of February, 1871.

3. That on March 15th, 1871, the said defendants answering were duly chosen and appointed assignees in bankruptcy on the estates of the said Caywood, Nash, and Nash.

4. That said estate was still open.

5. That on the 15th day of March, 1871, the said Alva Hoadley, the plaintiff in this proceeding, proved his said claim, based upon said judgment, in bankruptcy, before the proper register, against the estates of the said Caywood, Nash, and Nash, and which amounted to the sum of one thousand eight hundred and ninety dollars and eighty cents, that being the principal and interest of said judgment. A certified transcript of the filing, proof, and allowance of said claim was filed with said answer.

6. That the proceedings in bankruptcy dissolved any lien which the plaintiff had acquired by his said judgment and his proceeding supplemental to execution; that by proving his claim in bankruptcy against the estates of the said Caywood, Nash, and Nash, the plaintiff had abandoned and waived any lien which he may have acquired by the said judgment and this proceeding, and had become a general creditor of the said bankrupts. This answer was sworn to. The prayer was that this proceeding might be dismissed, and for general relief.

Tenth. To this answer the plaintiff demurred, for the want of sufficient facts. The demurrer was overruled, and the

plaintiff, preferring to stand upon his demurrer, refused to plead further, and the court thereupon rendered final judgment for the appellees, to all of which rulings proper exceptions were taken.

Upon the foregoing facts, two questions are presented for our decision; first, did Hoadley, by his proceeding supplementary to execution, acquire a lien upon the indebtedness of Patterson to Caywood? second, did Hoadley, by proving his claim against Caywood, Nash, and Nash, in the bankrupt court, waive and abandon his lien, and thereby become a general creditor and entitled only to share *pro rata* with the other creditors of such bankrupts?

It was held by this court, in *Wall* v. *Whisler*, 14 Ind. 228, that in a proceeding like the one under consideration, the judgment debtor was a necessary party, and that the action was properly dismissed because the debtor of the judgment defendant was the only person made a defendant. The ruling in that case was adhered to in the cases of *Chandler* v. *Caldwell*, 17 Ind. 256, and *Cooke* v. *Ross*, 22 Ind. 157.

It was held by this court, in *Butler* v. *Jaffray*, 12 Ind. 504, that a creditor instituting proceedings supplementary to execution thereby acquired a lien on the fund intended to be reached, but it was not expressly decided at what precise stage of the proceeding such lien will attach, but merely that such proceedings do create a lien.

In the case of *Graydon* v. *Barlow*, 15 Ind. 197, the ruling in the above case was approved of and followed, but the question of when such lien attached was again left open and undecided. But in the case of *Cooke* v. *Ross*, 22 Ind. 157, it was decided that "from the time of the service of process on the defendants the plaintiff had a lien upon the claim in the hands of Burtch, and, after that time, Cooke had no right to make the assignment."

It does not appear when the process was served on Caywood and Patterson, but we will assume that it was served on Patterson on the 19th day of January, 1871, as stated by him in his sworn answer. It is shown that the court, on

the 16th day of June, 1871, ordered that process should issue against Henry V. Caywood, but it is not shown whether it was ever issued, or, if issued, whether it was served. It is, however, shown by the record that Caywood appeared to the action and filed an answer on the 10th day of October, 1871.

It is shown in the answers of Caywood and the assignees in bankruptcy, that Caywood, on the 18th of March, 1871, assigned the notes which he held on Patterson to the assignees in bankruptcy.

We are of opinion that, as Caywood assigned the notes which he held on Patterson before the process in the proceedings supplementary to execution was served on him, the appellant acquired no lien on such notes.

But conceding that the appellant had acquired by his judgment and the proceedings supplementary to execution a lien, it seems to be well settled by the plain and undoubted provisions of the bankrupt act, and the adjudged cases under it, that he abandoned and waived his lien by proving his claim in the bankrupt court.

It is expressly declared in section 21 of the bankrupt act, "that no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt; and all proceedings already commenced or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby."

It is said in Avery & Hobbs Bankr. 168, on the authority of *Haxtun* v. *Corse*, 4 Edw. Ch. 585, that "a judgment creditor, by proving the debt, elects to become a party to the proceedings in bankruptcy, surrenders his judgment, and can receive but a dividend."

See *Stewart* v. *Isidor*, 1 B. R. 129; *In re Bloss*, 4 B. R. 37; Bump Bankr. 79 and 328, where the authorities are collected.

It is provided by the bankrupt act that assignees in bank-

ruptcy may be admitted by the state courts to prosecute or defend certain actions pending therein. Bump Bankr. 140 and 322.

We are of opinion that the court below committed no error in overruling the demurrer to the answer of the assignees in bankruptcy.

The judgment is affirmed, with costs.

*C. C. Nave*, for appellant.

*L. M. Campbell, J. T. Dye*, and *A. C. Harris*, for appellees.