O'BRIEN ET AL. *v.* FLANDERS.

PROCEEDING SUPPLEMENTARY TO EXECUTION.—*Parties.—Residence.*—Where in a proceeding supplementary to execution, the defendant resided in the county where the judgment was obtained and the supplementary proceeding was had;

*Held,* that a national bank situated in another county might be made a party and required to answer as to funds of the defendant held by it, under section 33 of the code.

BILL OF EXCEPTIONS.—*All the Evidence.*—The words, "this is all the testimony given in the cause," in a bill of exceptions, were held sufficient to show that all the evidence given in the cause was contained therein.

PLEDGE.—A person cannot be deprived of the benefit of collaterals or their proceeds, deposited to secure indebtedness to him, except upon a discharge of the indebtedness.

APPEAL from the Hamilton Common Pleas.

WORDEN, J.—This was a proceeding supplementary to execution, by the appellee against the appellants.

The affidavit on which the proceeding was based alleged, in substance, that one Robert L. Wilson had recovered a judgment in that court against the said O'Brien as principal, and the appellee as surety, and that said Wilson had assigned and transferred the judgment to the appellee, which remains unpaid, etc.; that an execution had been issued upon the judgment and returned "*nulla bona,*" and that the bank held

moneys, rights, credits, and effects of said O'Brien, with which the judgment might be paid. Demurrer to the affidavit overruled, and exception. Issue, trial by the court, finding and judgment for the plaintiff, a motion for a new trial having been overruled, and exception taken.

The judgment of Wilson against O'Brien and Flanders was rendered in Hamilton county, in which O'Brien resided, and to the sheriff of which the execution issued. The bank was located in Marion county, and the point made on the demurrer is, that the bank could not be compelled to litigate in Hamilton county, but could be sued only in the county in which she was located. This objection is not, in our opinion, well taken. O'Brien was a necessary party to the proceeding. *Wall* v. *Whisler*, 14 Ind. 228. He being a necessary party and residing in Hamilton county, we think, under the provisions of section 33 of the code, 2 G. & H. 58, the bank was liable to be sued with him in that county. There is a question involved in the case that may admit of some controversy, which ·is, whether the assignment of a judgment by the plaintiff therein, to the defendant therein who is a surety, will leave the judgment in force against the principal, and enable the surety to issue execution thereon for his benefit against the principal, in the same manner as if the surety had paid the judgment. 2 G. & H. 309, sec. 676. No point is made in this respect by counsel, and we express no opinion upon it. We mention it merely that it may not be deemed to have been passed upon.

The evidence is in the record. The bill of exceptions, after setting out the evidence, states that "this is all the testimony given in the cause." It is objected by the counsel for the appellee that this is insufficient, and authorities are cited in support of the objection. Under a former rule of this court (see 14 Ind. ix., Rule 30,) which provided, that "in every bill of exceptions, purporting to set out the evidence, upon motion for a new trial overruled, the words 'this was all the evidence given in the cause,' are to be regarded as technical, and indispensable to repel the presumption of other

evidence," the objection would doubtless have been well taken. But that rule has been rescinded, and the authorities under it are, therefore, inapplicable. The language employed in the bill of exceptions, in this case, sufficiently shows that all the evidence given in the cause is contained therein.

The following facts may be gathered from the evidence: At the time of the commencement of this proceeding, O'Brien owed the bank on notes about four thousand dollars. He had deposited with the bank, as collateral security for the payment of this indebtedness, several promissory notes against third persons. The bank had collected on these collaterals some money, and gave O'Brien credit on their books for the sum of nine hundred and eighty-three dollars and thirty-five cents. The indebtedness of O'Brien to the bank remained unpaid, and the bank refused to pay over to him the money thus collected, until he paid or satisfactorily arranged his indebtedness to the bank. The money thus collected by the bank and standing to the credit of O'Brien, was ordered by the court to be paid over to the appellee on his judgment.

This judgment cannot be maintained. The bank could not be legally deprived of the benefit of the collaterals thus placed in her hands, or of the money collected by her thereon, until the indebtedness of O'Brien to her was paid or otherwise arranged. There are some other questions made in the case, but we need not notice them, as the judgment will have to be reversed, for the reason above stated, if for no other. A new trial should have been granted.

The judgment below is reversed, with costs, and the cause remanded.

*W. O'Brien* and *R. Graham,* for appellants.

*D. Moss* and *F. M. Trissal,* for appellee.