STARNER, ADMINISTRATOR, *v.* UNDERWOOD ET AL.

PARTIES.—*Revivor of Judgment.*—*Insolvency.*—The insolvency of the judgment-defendant is no excuse for a failure to make him a party to an action to revive and enforce a judgment against the replevin-bail.

PLEADING.—*Demurrer.*—*Assignment of Judgment.*—*Husband and Wife.*—In an action to revive a judgment, brought by the administrator of the deceased assignee's estate, the judgment-plaintiffs, a wife and her husband, were made parties to answer as to their interest therein, and the complaint, as to them, alleged that the wife, as the real owner of such judgment in a trust capacity, with the consent of her husband, but without his joining her therein, had assigned it, in writing, on the entry thereof in the order-book, to plaintiff's intestate, who was her successor in such trust.

*Held*, that a demurrer by such defendants, for want of sufficient facts, should be overruled.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle*, for appellant.

*J. Baker*, *O. F. Baker*, *G. G. Reily* and *W. C. Johnson*, for appellees.

BIDDLE, J.—Suit to revive and enforce a judgment against the replevin-bail.

The complaint is as follows:

"John Starner, administrator of the estate of Charles

Starner, Administrator, *v.* Underwood *et al.*

W. Risinger, deceased, plaintiff, complains of Haywood Underwood, John W. Purcell and Catherine E. Purcell, defendants, and says that heretofore, to-wit, on the 28th day of February, 1861, the said John W. Purcell and Catherine E. Purcell recovered judgment in the Knox circuit court, Indiana, against William F. Scott and Felix G. Beauchamp for six hundred and forty-five dollars and twenty-five cents, upon which judgment a valid and legal execution against the goods and chattels, lands and tenements of the judgment-defendants was duly issued, according to law, by the clerk of the court, and on the 21st day of March, 1861, said execution was delivered to James Reynolds, then the sheriff of Knox county, Indiana, to whom the same was directed, and on the 26th day of August, 1861, [while] the said execution was still repleviable according to law, the defendant Haywood Underwood acknowledged himself replevin-bail on the said judgment for the stay of execution, which acknowledgment was duly endorsed on said execution and signed by said Underwood, and taken and approved by the said sheriff, and the said sheriff immediately returned said writ, with his doings endorsed thereon, to the office of the clerk of this court, and the said clerk copied the said recognizance and sheriff's return on the execution docket of said court, whereby said defendant herein became liable to pay the said judgment according to law, and the recognizance of bail, so entered by him as aforesaid on said execution, became and was a judgment confessed against him and his property, from the said 26th day of August, 1861, a copy of which said judgment, as also of the entry of replevin-bail by the said Underwood, are filed herewith and made part hereof. And plaintiff avers that said judgment in favor of John W. Purcell and Catherine E. Purcell was rendered for money due to said Catherine, in her trust capacity as guardian of John E. Bedell, and that the said John W. Purcell was made party plaintiff, as he was the

husband of said Catherine. And plaintiff says that after-
wards the said Catherine E. Purcell, one of the judgment-
plaintiffs in said judgment, with the consent of her co-plain-
tiff and husband, John W. Purcell, assigned said judgment
in writing, on the entry thereof in the order book, to the
decedent, Charles W. Risinger, her successor in said guar-
dianship for said John E. Bedell. Said Risinger charged
himself with the amount due on said judgment, as guar-
dian, for value, and which said assignment was duly
attested by the clerk, and that said assignment thereby
vested said judgment in said Risinger, and that said John
W. Purcell and Catherine E. Purcell, have [not] and do
not claim any interest therein. Plaintiff further says,
that after said assignment as aforesaid, a copy of which is
filed herewith and made part hereof, the said Charles W.
Risinger departed this life, intestate, and the plaintiff was
duly appointed administrator of his estate, and qualified
as such; and plaintiff says that said Risinger, in his life
time, without any fault of his, failed to collect said judg-
ment, and that on the 20th day of October, 1874, there was
a balance due and unpaid on said judgment of five hundred
and one dollars and thirty-one cents, which is still due
and unpaid. That the judgment-defendant William T.
Scott departed this life, and his estate has been duly set-
tled and was insolvent, and the judgment-defendant Felix
G. Beauchamp is also wholly insolvent.

Wherefore plaintiff demands judgment against the said
defendant Haywood Underwood, for the amount due on
the said judgment aforesaid, and that the said judgment,
so to be rendered, may be declared and decreed by the
court to be a lien upon any and all real estate the said
Underwood may have been seized and possessed of on the
"day he entered himself replevin-bail as aforesaid, or
which he may have since acquired, and for all just and
proper relief in the premises."

To this complaint, the defendant Underwood filed a
demurrer, assigning as causes:

1.  There is a defect of parties defendant in this; Felix G. Beauchamp is not made defendant.

2.  Said complaint does not state facts sufficient to constitute a cause of action against this defendant.

The defendants John W. Purcell and Catherine E. Purcell demurred to the complaint, "because the same does not state facts sufficient to constitute a cause of action."

The demurrers were sustained, and exceptions taken, and these rulings present the only questions made in the case.

Judgment was rendered for defendants.

It was not erroneous to sustain the demurrer of Underwood. Felix G. Beauchamp, the judgment-defendant, was a necessary party to the proceeding. The demurrer pointed out the defect upon the face of the complaint, and was properly sustained. *Wall* v. *Whisler*, 14 Ind. 228; *Chandler* v. *Caldwell*, 17 Ind. 256; *Merritt* v. *Wells*, 18 Ind. 171; *O'Brien* v. *Flanders*, 41 Ind. 486; and *Folsom* v. *Clark*, 48 Ind. 414.

No relief could have been granted under the complaint, without affecting the rights of Beauchamp. The allegation of his insolvency is no excuse for not making him a party.

The demurrer of John W. Purcell and Catherine E. Purcell should have been overruled. They were the judgment-plaintiffs. The assignment of the judgment to Risinger by John W. Purcell, alone, was not in the form required by the statute regulating such assignments. 2 R. S. 1876, p. 351, sec. 1. It was therefore necessary to make the Purcells parties to the suit, that they might assert their right to the judgment, if they had any. If not, that they might be barred, and thus quiet the rights of others.

The judgment, in sustaining the demurrer of Underwood, is affirmed. For the error in sustaining the demurrer filed by the Purcells, the judgment is reversed, at the costs of John W. Purcell, and the cause is remanded for further proceedings.