No. 10,031.

WALLACE ET AL. *v.* LAWYER ET AL.

PRINCIPAL AND AGENT.—*Ratification.*—*Judgment, Assignment of.*— If the owner of a judgment (holding either by legal or equitable title) receives, and with a knowledge of the facts retains, the price paid for an unauthorized assignment of the judgment, made in the name of the owner by one who assumed to have authority thereto, the assignment is thereby ratified.

From the Hamilton Circuit Court.

*W. Garver, R. Graham, D. V. Burns,* and *C. S. Denny,* for appellants.

*T. J. Kane, T. P. Davis, A. F. Shirts, W. R. Fertig* and *G. Shirts,* for appellees.

WOODS, C. J.—Action by the appellees to enjoin the collection by the appellants of a certain judgment of the Marion Superior Court, rendered in favor of Andrew Wallace against the appellees, and afterwards assigned by the said Andrew to his wife and co-appellant.

It was admitted on the trial "that on the 31st day of August, 1878, Joseph M. Wallace executed an assignment of

said judgment in proper form, on the proper record, in the name of said Andrew Wallace to Asher G. Walton," but it is claimed that Joseph M. Wallace had no authority to make the assignment, and that, for the want of evidence to show such authority, the motion of the appellants for a new trial should have been sustained.

The evidence shows, or tends strongly to show, that before the execution of the assignment in question Andrew Wallace, in consideration or payment of moneys which he had received of his wife, had sold and transferred to her a stock of groceries, and had executed to her a written assignment of accounts, demands and judgments, including the one in question, and, having thus disposed of his business and property, had gone to a Western Territory to look after mining interests. Of the goods and business thus transferred to her, Mrs. Wallace put her son Joseph M. Wallace in charge, and while so employed he sold and assigned the judgment in question to Walton for the sum of $100, which he mingled with other moneys received for and applied to the uses of his mother, who, after full knowledge of the facts, made no offer to return the money to Walton, but retains the same, upon the pretence that Walton purchased only as agent for the judgment defendant, and that she is willing to allow the amount as a credit upon the judgment. If it can be said that there is any evidence tending to show such agency on the part of Walton it is slight, and the proof to the contrary is explicit and positive. The assignment of record to Mrs. Wallace was not made until after the entry of the assignment to Walton.

It is clear that the retention of the money received of Walton for the assignment of the judgment, after notice of the facts, constituted a waiver of all right to dispute the validity of the assignment on account of lack of authority of the agent to make it.

Judgment affirmed.

Opinion filed at the November term, 1882.

Petition for a rehearing overruled at the May term, 1883.