Earl *et al. v.* Skiles *et al.*

No. 11,297.

## EARL ET AL. *v.* SKILES ET AL.

EXECUTION.—*Proceedings Supplementary to.—Affidavit.—Evidence.*—In proceedings under sections 816 and 819, R. S. 1881, it is required that the affidavit and proof shall show, in order to reach funds of the debtor in the hands of another, that the debtor has property which he unjustly refuses to apply in satisfaction of the judgment.

From the Huntington Circuit Court.

*J. B. Kenner* and *J. I. Dille,* for appellants.
*W. H. Trammel* and *T. L. Lucas,* for appellees.

ZOLLARS, J.—Proceeding supplementary to execution by appellants against appellees. Judgment for appellees. For a reversal of the judgment appellants rely upon the alleged error of the court below in overruling their motion for a new trial.

Appellee Skiles, who was the judgment defendant, challenged the affidavit upon which the proceeding is based by a motion to dismiss and by a demurrer. The overruling of these he assigns as cross error.

The purpose of this proceeding is to reach money in the hands of appellee Buchanan, clerk of the circuit court, alleged to belong to Skiles. The execution not having been returned, the proceeding must be maintained, if at all, under sections 816 and 819, R. S. 1881. The proceeding can be maintained against Buchanan only in connection with the proceeding against the judgment debtor, who must be and in this case was made a party defendant. *Wall* v. *Whisler,* 14 Ind. 228; *Chandler* v. *Caldwell,* 17 Ind. 256; *Hoadley* v. *Caywood,* 40 Ind. 239; *Folsom* v. *Clark,* 48 Ind. 414.

The proceeding under consideration was commenced by filing what is designated a complaint. This may be regarded as the affidavit required by the statute.

To reach the funds of the judgment debtor in the hands of third parties, the affidavit and proof must conform substantially to the requirements of the statute. This proceeding is a remedy extraordinary in character, and is not to take

the place of an ordinary execution. It is in aid of such execution, but not a substitute for it. If the judgment debtor have property, subject to execution, sufficient in amount to satisfy the judgment against him, resort can not be had to this extraordinary remedy. *Wallace* v. *Lawyer*, 90 Ind. 499. Hence the statute, among other things, requires the affidavit to show that the judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment. Section 816, R. S. 1881; *Dandistel* v. *Kronenberger*, 39 Ind. 405. In this regard the affidavit and proof are wholly wanting. So far as shown by either the judgment debtor Skiles was guilty of no wrong; and for aught that appears from either he may have had leviable property, aside from the funds alleged to be in the hands of Buchanan, amply sufficient to satisfy the execution. For these reasons, we are of the opinion that appellants failed to make a case, either by their affidavit or proof, and that the court below correctly gave judgment against them. Having reached this conclusion, it will not be necessary for us to consider other questions discussed by counsel.

Judgment affirmed, with costs.

