Nov. Term,
1860.

GRAYDON v. BARLOW and Another.

GRAYDON
v.
BARLOW.

Pending proceedings supplementary to execution, and while a demurrer to the complaint was yet undisposed of, the execution debtors made a general assignment for the benefit of all their creditors.

*Held*, that the creditors, by instituting their proceedings, acquired a lien on the fund intended to be reached, which the defendants could not divest by making an assignment; though at what precise point such lien attaches, is not decided.

| 15 | 197 |
| 132 | 330 |

APPEAL from the *Wabash* Circuit Court.

Wednesday,
December 5.

HANNA, J.—The appellant instituted proceedings supplementary to execution, and averred in his complaint, that he had recovered a judgment, upon which he caused execution to issue, which had been returned "no property found." That the defendants had assets, &c.

The proof corresponded with the former part of said averments; and, as to the latter, it was shown by the defendants upon their examination, that there was due them, upon judgments, notes, &c., a sum apparently exceeding that due the plaintiff, and much larger than any amount which might be claimed as exempt from execution; that, during the pendency of the proceeding to subject such assets to execution, to wit: while a demurrer to the complaint was yet undetermined, they made an assignment of all their effects, for the benefit of their creditors; that some creditors were preferred, the plaintiff's claim being placed in the second or third class. The trust deed was not introduced; nor was it shown whether the preferred claims would exhaust the assets or not, if the assignment should be carried into effect.

The question presented is, whether, under the circumstances, the assignment defeated the object of the proceeding thus instituted?

In *Butler* v. *Jaffray*, 12 Ind. 504, it is, in effect, decided, that a creditor, instituting proceedings under this statute, thereby acquires a lien on the fund intended to be reached. It is not there expressly decided at what precise stage of the proceedings such lien will attach, but merely that such proceedings do create a lien; and that the recovery of a judg-

Nov. Term, 1860.

ment, and taking out an execution thereon, does not create a lien upon a fund similar to that here attempted to be made subject to the payment of this debt.

Without deciding at what point of the proceedings a lien will attach, we are of opinion that it had so far progressed in the case at bar as to create a lien, which the defendants could not·divest by making an assignment.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*D. M. Cox* and *J. R. Coffroth*, for appellant.

*Conner* and *Pettit*, for appellees.