## Routh and Others *v.* Spencer and Another.

Proceeding Supplementary to Execution.—*Pleading.*—In a proceeding supplementary to execution, an answer or a cross-complaint not sworn to should be rejected on motion.

Supreme Court.—*Abstracts.*—This court refused to pass upon the question of the exclusion of evidence where the abstract required by rule ten of the Supreme Court failed to show what the evidence was or that it was in any way material.

APPEAL from the Wayne Common Pleas.

Gregory, J.—This was a proceeding supplementary to execution, commenced by the appellees against the appellants, Routh, Routh, Canady, and Julian, the object of which was to reach the amount of two notes executed by Canady to Jeremiah T. B. Routh, against whom the appellees had a judgment, the notes being in the hands of Julian, as attorney for Routh.

Canady and Julian answered, admitting the indebtedness, and the possession in the latter of the notes.

One Sanford, who was not a party, but who asked to be made. such, joined in a cross-complaint with the administrator of Joseph Routh (who was a party), in which Sanford set up an equitable interest in a part of the amount secured by the notes, arising under an agreement between the payee and the administrator, executed before the commencement of this proceeding. On the motion of the appellees this cross-complaint was rejected. This was right, if for no other reason, because it was not sworn to. See *Coffin* v. *McClure*, 23 Ind. 356.

The court below, on the motion of the appellees, rejected the answer of the appellants setting up the same matter set forth in the cross-complaint. This answer was not sworn to by either Canady, Jeremiah T. B. Routh, or Julian. There was no error in this action of the court.

The court excluded certain testimony offered by the appellants on the trial, but the abstract fails to show what

the evidence was, or that it was in any way material. This court under rule ten will not pass upon the question. The motion for a new trial was properly overruled.

The judgment is affirmed, with costs.

*J. B. & J. F. Julian*, for appellants.

*C. H. Burchenal*, for appellees.