ROUTH, ADM'R, *v.* SPENCER ET AL.

ADMINISTRATION.—*Lien Under Mortgage.*—*Estoppel.*—A., being indebted to B., procured his father to become his surety for the debt, and after the death of his father and the allowance of the debt against his estate, A. executed to the administrator of his father's estate an assignment of his entire interest, real and personal, in said estate, to secure the amount of said debt to the estate, and proceedings were afterward instituted to have partition among the heirs of the estate of the real property, to which proceeding the administrator, as an heir, was a party, and the land, not being divisible, was sold, and two notes given by the purchaser payable to A. for his interest. A judgment was obtained by C. as a creditor against A., and a proceeding supplementary to execution was prosecuted by C. to reach the proceeds of these ·notes, and this suit was brought by the administrator to secure the proceeds of the notes to indemnify the estate.

*Held,* that, admitting the assignment to operate as a mortgage, yet as it was not recorded, it was not valid as against the purchaser of the real estate; and that the administrator was estopped from·asserting his claim in favor of the estate against either the purchaser or the judgment creditor of A., who had taken the proceeding supplementary to execution to reach the proceeds of the notes.

(DOWNEY, J., dissented, on the ground that the purchaser was not protected from the lien of the unrecorded mortgage, so far as there was money still owing from him as purchase-money, and that there was no estoppel or superior lien in favor of the creditor.)

APPEAL from the Wayne Common Pleas.

BUSKIRK, J.—The action of the court in sustaining a demurrer to the complaint is assigned for error, and this presents the only question in the case. The material facts stated in the complaint are these:

"Jeremiah S. B. Routh was indebted to Thomas B. Stan-

ford, in the sum of two hundred and thirty-four dollars and thirty-seven cents, for which he gave his note, with Joseph Routh, the decedent, as his surety; that after the death of Joseph Routh, the said Stanford filed the said note against his estate, and an allowance was made by the administrator in the sum of three hundred and thirty-four dollars and ninety-one cents; that, subsequent to such allowance, the said Jeremiah S. B. Routh executed to the appellant, as administrator of the estate of the said Joseph Routh, deceased, an instrument in the words following: 'There is a judgment in the Wayne Common Pleas Court, against my father, Joseph Routh's estate of three hundred and thirty-four dollars and ninety-one cents, in favor of S. B. Stanford. This judgment is founded on a note of mine, on which my father was surety for me, and on my debt. In consideration of these facts I hereby agree with John B. Routh, administrator of said Joseph Routh's estate, and with the heirs, that enough money to cover said judgment and costs be kept by him or them out of my interest in said estate contained in the State of Indiana. In other words, I assign and transfer to said J. B. Routh my entire interest in said estate, real and personal, contained in the State of Indiana, to secure said Stanford's judgment and save the estate harmless. February 20th, 1865. J. S. B. Routh.' That the said Joseph Routh, died seized of certain real estate, which is described, and of certain personal property; and that the said Jeremiah S. B. Routh was entitled to one-eighth part thereof, subject to advancements made him by the decedent; that on the 14th day of January, 1867, William F. Spencer and Alvin E. Crocker recovered judgment in the said Wayne Common Pleas Court against the said Jeremiah S. B. Routh, for one thousand and twenty dollars and seventy cents and costs of suit, which remained unpaid; that prior to the rendition of the said judgment, the said Jeremiah S. B. Routh and the other heirs of the said decedent commenced proceedings in the said court for the partition of the real estate of the said Joseph Routh, deceased, which resulted, on the 26th

Routh, Adm'r, *v.* Spencer *et al.*

day of September, 1867, in the sale of the said land to William Canady, for the sum of ——— dollars; of which sum, all advancements being adjusted between the heirs, there was due the said Jeremiah S. B. Routh the sum of one thousand and seventy dollars and ninety cents; for which sum the said Canady gave his notes as follows: one for five hundred and nine dollars and fifty-one cents, due in one year, and one for five hundred and sixty-two dollars and fifty cents, due in two years, each bearing six per cent. interest from date; that when the said land was sold, neither the said Jeremiah nor the appellant was present; that the said land was sold by Wilson Dennis, as a commissioner, and the division of the proceeds was made without the knowledge or consent of the plaintiff; that none of the heirs of the said decedent, except the said Jeremiah and the plaintiff, knew anything about the said Stanford debt or the security given for it by the said Jeremiah, by said lien on his interest in said estate; that on the 26th day of May, 1867, the said Spencer and Crocker commenced proceedings in aid of execution on their said judgment against the said Jeremiah, and on the 27th day of May, 1868, obtained a judgment of the said court to be rendered, directing the payment of said notes, given by the said Canady, to said Jeremiah, to the said Spencer and Crocker, or into the clerk's office for their exclusive use, and enjoining any other application of the said money, which judgment is in fraud of the rights of the plaintiff; that the said Jeremiah is a resident of Kansas, and is wholly insolvent; that no part of the personal estate is going to him, or is due him; that there is no mode by which the decedent's estate can be indemnified or secured in the amount of the said Stanford claim, except through the said lien which the said Jeremiah gave on his interest in said estate."

The prayer of the complaint was to enforce the said lien, and to decree an application of so much of the said notes due from the said Canady to the payment thereof as will discharge the same, and for general relief.

Jeremiah S. B. Routh, William F. Spencer, Alvin E. Crocker, Jacob B. Julian, and William Canady were made defendants.

We have been unable, from any allegation in the complaint, to discover what interest Jacob B. Julian has in this controversy, or why he was made a defendant. There was an affidavit filed, showing that Jeremiah S. B. Routh was a resident of Kansas, but it does not appear that any publication was made, or that he was personally served. The record shows that there was a general appearance for the defendants. Julian and Canady filed an answer, admitting the truth of the allegations of the complaint. Spencer and Crocker demurred to the complaint. The demurrer was sustained, and the plaintiff refusing to amend, final judgment was rendered against the plaintiff. Jeremiah S. B. Routh did not demur, or answer, nor was he defaulted. The plaintiff appeals.

The only question presented for our decision is, did the facts stated in the complaint constitute a cause of action and entitle the plaintiff to the relief prayed for?

The relief demanded by the appellant is based upon the theory that the instrument heretofore set out was a mortgage of the interest of Jeremiah S. B. Routh in the real and personal property of which his father had died seized and possessed, and that the mortgaged property having been sold, he had the right to pursue the proceeds.

On the other hand, it is maintained that it did not possess the requisites, or have the force and effect of a mortgage, but that if it was a mortgage, it was fraudulent and void as to Canady, and that the proceeds of the sale of the mortgaged property could not be reached, for the reason that Spencer and Crocker had by their superior diligence acquired a prior lien on such proceeds; and it is further insisted that the appellant is estopped to assert any claim to the proceeds of such sale.

The instrument does not purport on its face to be a mortgage, nor is it sealed, acknowledged, or recorded. An ink

scroll is no longer necessary to the validity of a deed of conveyance or mortgage. A seal is rendered unnecessary by the second section of an act concerning the alienation of real estate, approved December 23d, 1858. 1 G. & H. 263. A deed or mortgage is valid between the parties without being acknowledged. *Hubble* v. *Wright*, 23 Ind. 322. We will hereafter consider the effect of the failure to record the instrument. We do not deem it necessary to decide whether it was a mortgage or not; but, for the purposes of the case, we will regard it as a mortgage.

The mortgage was executed on the 20th day of February, 1865. The interest of Jeremiah was sold to Canady on the 26th day of September, 1867. The mortgage was never recorded. Canady was a purchaser in good faith, and for a valuable consideration, and without notice, actual or constructive, of the existence of the mortgage.

Sections 11 and 16 of the act concerning real property and the alienation thereof (approved May 6th, 1852) read as follows:

"Sec. 11. No conveyance of any real estate in fee simple, or for life, or of any future estate, and no lease for more than three years from the making thereof, shall be valid and effectual against any person other than the grantor, his heirs and devisees, and persons having notice thereof, unless it is made by a deed recorded within the time and in the manner provided in this act."

"Sec. 16. Every conveyance or mortgage of lands, or of any interest therein, and every lease for more than three years, shall be recorded in the recorder's office of the county where such lands shall be situated; and every such conveyance or lease not so recorded within ninety days from the execution thereof, shall be fraudulent and void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration." See 1 G. & H. 259.

We are clearly of the opinion that, the said mortgage not having been recorded, and Canady having been a purchaser in good faith and for a valuable consideration, it is as to him

fraudulent and void, and that he holds the property free from any claim or lien of such mortgage.

We are next to inquire whether the appellant has the right to pursue the proceeds of the mortgaged property. When Canady became the purchaser of the property in good faith and for a valuable consideration, it ceased to be a mortgage which the appellant had the legal right to enforce against the property. It thus became a mere equity. Spencer and Crocker, on the 14th day of January, 1867, obtained their judgment against Jeremiah S. B. Routh. On the 26th day of May, 1867, Spencer and Crocker commenced proceedings supplementary to execution. Canady was made a party. On the 27th day of May, 1868, a judgment was rendered, by which Canady was required to pay to Spencer and Crocker, or into the clerk's office, for their use, the amount which he owed to Jeremiah S. B. Routh. In a proceeding supplementary to execution, the lien in favor of the creditor attaches against the debtor of the execution defendant from the time the process is served on him. *Cooke* v. *Ross*, 22 Ind. 157. Spencer and Crocker, by the commencement of such proceedings and the service of process on Canady, acquired an equitable lien on the proceeds of such sale in the hands of Canady, and this equity ripened into a legal right when they obtained a judgment requiring Canady to pay such proceeds to them or for their use.

We are also of the opinion that the appellant is estopped from asserting any claim as against Canady. The appellant was a party to the partition suit, and permitted a judgment to be rendered that Jeremiah was the owner of one-eighth of the real estate of which Joseph Routh had died seized and possessed, without asserting his lien on such interest; and afterward, when a report was made that such real estate was not susceptible of partition, he "stood by" and permitted an order to be made for the sale of such lands, well knowing that the commissioner appointed to make such sale would be required, by the statute, to pay the proceeds of such sale directly to the persons who had been the owners

of such lands; and he afterward permitted Canady to become the purchaser of the share of the said Jeremiah, and to execute his notes, payable directly to the said Jeremiah, without disclosing the existence of his mortgage, and continued such fraudulent concealment until after process had been served on Canady at the suit of Spencer and Crocker. The appellant states, in his complaint in this action, that no person but Jeremiah and himself knew of the Stanford judgment or the security given by Jeremiah.

We do not deem it necessary to cite authorities in support of so plain a proposition, as that, under the facts stated, the appellant is estopped by every principle of justice, equity, and law from asserting a claim against Canady.

It is also claimed by the appellees that the appellant is estopped by the judgment in the case of *Routh* v. *Spencer*, 30 Ind. 348. It is not averred in the complaint that the appellant was a party to that action, and we cannot know, judicially, that the John B. Routh, who was a party to that action, is the same person who was the plaintiff below and the appellant here in this action. If the appellant was such party, there can be no doubt that he would be bound thereby, and that he could not attack such judgment in a collateral proceeding like this.

There are other questions discussed, but we do not consider it necessary to decide them.

We are of the opinion that the court committed no error in sustaining the demurrer to the complaint.

The judgment is affirmed, with costs.

DOWNEY, J.—I have not been able to agree with my brethren in the view which they have taken of this case. I think the instrument executed by Joseph S. B. Routh, set out in the opinion, possesses all the qualities of a valid mortgage. It was not necessary that it should have been executed with a seal, or that it should have been acknowledged before, and certified by, an officer. It was valid against all persons, except "any subsequent purchaser or

mortgagee in good faith and for a valuable consideration," without being recorded. 1 G. & H. 260, sec. 16. It sufficiently described the property on which it was given. I do not regard William Canady as a purchaser in good faith, for the reason that he had not yet paid the purchase-money when he received notice of the interest of John B. Routh, administrator, under and by virtue of the mortgage. It has been repeatedly decided by this and other courts that to constitute one a purchaser in good faith and for a valuable consideration, he must not only have purchased the real estate, but he must have received his deed therefor and paid the purchase-money. This rule has of late been supposed to be a hard one, and the inclination in this court has been to hold that the purchaser will be protected to the extent of the payments which he had made before notice. But it has never before been held that the real estate is not liable to, and bound by, the lien or equity to the extent of the purchase-money yet unpaid at the time the purchaser receives notice of the equity. The following are some of the cases to which I allude: *Gallion* v. *M'Caslin*, 1 Blackf. 91; *Moreland* v. *Lemasters*, 4 Blackf. 383; *Walker* v. *Cox*, 25 Ind. 271; *Lewis* v. *Phillips*, 17 Ind. 108.

I do not think that the proceeding of Spencer and Crocker, supplemental to execution, gave them any right to the money due from Canady, as against the said John B. Routh as administrator. He had a prior and superior lien upon the land and its proceeds, or the purchase-money due from Canady, to the claim of Spencer and Crocker. When a deed or mortgage has not been duly recorded, it is only subsequent purchasers and mortgagees in good faith, and for a valuable consideration, who can get any advantage from that fact. A judgment recovered gives no superior right over an unrecorded deed or mortgage. *Doe* v. *Hurd*, 7 Blackf. 510; *Sparks* v. *The State Bank*, 7 Blackf. 469. How, then, can the claim of Spencer and Crocker overreach the claim of the administrator by virtue of his mortgage, executed long before their proceeding was commenced?

Routh, Adm'r, *v.* Spencer *et al.*

If it be conceded that it is shown that John B. Routh stood by when Canady purchased the real estate, and did not then make known his claim, it could, at most, only prevent him from asserting his claim to any greater extent, or to any more of the proceeds of the land than what was due from Canady when notice of the mortgage was afterward given to him. It could not defeat his claim entirely under the mortgage, so as to give the proceeding of Spencer and Crocker, commenced long afterward, a priority over him. What right have Spencer and Crocker to claim that the administrator is estopped? They paid out no money, nor did they in any way act upon the implied admission that such standing by would import. If Canady can be protected to the extent that he had gone in paying the purchase-money before he received notice of the mortgage, he has no ground of complaint.

I do not see by what rule of law or justice the administrator can be estopped from setting up his claim, because, as one of the heirs, he was a party to the partition suit. It is not pretended that he was a party in his representative character, or that there was a word in the complaint or petition for partition about his claim by virtue of the mortgage. Had he asserted his claim in that suit, it would have been no answer to an application for a partition of the land. But who was injured by his failure to assert his claim there? It is supposed that Canady was injured. Not so. He yet owed more than enough of the purchase-money to pay off the mortgage when he received notice of it. He could not, therefore, have been injured. Where is the ground for any estoppel as to the amount due from Canady when he received notice of the mortgage, supposing that the estoppel exists as to the amount paid by him before he had received such notice?

My opinion is that John B. Routh, the administrator, has a valid claim, by virtue of the mortgage, upon the land or upon its proceeds due from Canady, to the amount due on.

VOL. XXXVIII.—26

the mortgage, but not, perhaps, to exceed the amount of purchase-money due from Canady when he received notice of the mortgage, and that this claim is prior and paramount to the claim of Spencer and Crocker.

As to the last point mentioned in the opinion of the majority of the court, nothing, I presume, need be said, as I suppose an expression of opinion as to what would be decided upon a different state of facts cannot be regarded as a determination of any point in this case, or as a precedent for any other.

*J. B. Julian* and *J. F. Julian*, for appellant.

*C. H. Burchenal*, for appellees.