O'BRIEN ET AL. *v.* FLANDERS.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—*Evidence.*—On the trial of a proceeding supplementary to execution, by a creditor, against his debtor and a bank alleged to have funds of the latter on deposit, the answer of such bank, under the oath of its president, filed in the cause, is not evidence against the debtor.

From the Hamilton Circuit Court.

*T. J. Kane* and *R. Graham,* for appellants.

Howk, J.—This was a proceeding supplementary to execution, by the appellee against the appellants, in the court below.

The proceeding was commenced and prosecuted under the provisions of sections 518 and 522 of the practice act. 2 R. S. 1876, pp. 228, 231.

This is the second time the case has been before this court. When it was first here, the opinion or decision of this court in the case was reported, under its present title, in 41 Ind. 486.

When the cause was remanded to the court below, the appellee amended his affidavit, on which the proceeding was founded, in some important particulars, and such amendments were then duly verified by the oath of the appellee.

We give a brief summary of the affidavit as amended, as follows:

It was stated therein, in substance, that one Robert L. Wilson, on August 16th, 1870, recovered a judgment in the court of common pleas of Hamilton county, against

the appellant O'Brien as principal, and the appellee as surety, for the sum of three thousand and twenty dollars and twenty-two cents, and the sum of eleven dollars and forty-seven cents costs, which judgment the appellee was compelled to and did pay, as such surety of the appellant O'Brien, and which judgment was, on September 27th, 1870, assigned to the appellee, in consideration of the payment of the same, and to enable the appellee to prosecute any action which might or could be maintained thereon in his own name and at his own expense, and which judgment was "unpaid, unreplevied and unappealed from" by the appellant O'Brien; that on September 27th, 1870, appellee caused an execution to be issued on said judgment to the sheriff of Hamilton county, commanding him to levy said judgment, interest and costs, without relief, etc., of the property of the appellant O'Brien, in said county; and a copy of said judgment, execution and return was filed with said affidavit, as a part thereof. And the appellee said, that the appellant O'Brien still resided in said county; that said execution had been returned by the sheriff wholly unsatisfied; that the appellant O'Brien had a "large amount of personal property, notes, accounts, rights, credits, moneys in said county," the precise amount of which was unknown to appellee, and on persons unknown to appellee, which ought to be applied to the satisfaction of appellee's judgment, but which the appellant O'Brien wrongfully withheld and refused to apply in such satisfaction. And the appellee asked for an order against the appellant O'Brien to appear before the judge of the court below, on a certain day, to answer concerning his property within said county, to which said execution was issued. And the appellee said, that the appellant The Merchants National Bank of Indianapolis had and held moneys, rights, credits and effects of the appellant O'Brien, with which said judgment might be paid, over and above three hundred dollars exempt from execution to said O'Brien, to the amount of over five

thousand dollars, as the appellee was informed and believed, and which said property the appellee could not particularly describe, as he never had access to or inspection of the same. And the appellee asked that the appellant The Bank should be required to appear on a day certain before the judge of said court, and answer as to the property held by said Bank, belonging to the appellant James O'Brien.

To the appellee's affidavit, the appellant O'Brien separately demurred, for the alleged want of sufficient facts therein to constitute a cause of action, and to entitle appellee to the relief sought, which demurrer was overruled by the court below, and to this decision the appellant O'Brien excepted.

And the appellant The Bank also demurred to appellee's affidavit, on two grounds of objection:

1. The want of sufficient facts; and,

2. The apparent want of jurisdiction of the Bank.

Which demurrers were overruled, and the appellant The Bank excepted.

The appellant O'Brien then answered the complaint by a general denial, and the appellant The Bank answered, under the oath of its president, setting up affirmative matter, which we need not now especially notice.

The cause was then heard by the court below, and a finding made, that, at the time of the service of process herein, the appellant The Bank had on deposit to the credit of the appellant O'Brien, and was indebted to him in, the sum of nine hundred and eighty-three dollars and thirty-five cents, which ought to be applied on the judgment of the appellee, described in his complaint.

And the appellants' written motion for a new trial having been overruled, and their exception saved to such decision, judgment was rendered by the court below on its finding, requiring the appellant The Bank to pay said sum of nine hundred and eighty-three dollars and thirty-five cents on the appellee's judgment.

Several alleged errors of the court below have been assigned by the appellants in this court, one of which was the overruling of their motion for a new trial.

It is very clear to our minds, that the finding of the court below, in this case, was not sustained by any sufficient evidence.   Upon the important question, as to whether the appellant The Merchants National Bank of Indianapolis had any money or property in its possession, or under its control, belonging to the appellant O'Brien, the only evidence offered by the appellee was the written answer of the Bank in the cause, verified by the oath of its president.

When this evidence was offered by the appellee, the appellant O'Brien objected to it, on the ground that the statement or admissions of the Bank were not competent evidence as against him; but the objection was overruled, and, over his exception, the evidence was admitted.

It seems to us, that the court below erred in this decision.   The *ex parte* statements of the Bank, though verified by the oath of its president, were not competent evidence against the appellant O'Brien.   He had the right, or should have had, to cross-examine the president of the Bank; and very possibly he might have shown, by such cross-examination, that the money which appeared to his credit in said bank, though nominally his, was really the property of other persons.   It was abundantly shown by the evidence in the record, and, indeed, on this point there was no conflict whatever in the evidence, that the money in question was really the property of some infant heirs, of whom the appellant O'Brien was then the legal guardian.

We are very clearly of the opinion, that the court below erred in its finding and judgment, that the appellant The Bank should apply the money in question to the payment of O'Brien's personal debt.

We have no brief from the appellee in this court, and we fail to find in the record of this cause any sufficient

grounds on which the judgment of the court below can be maintained.

The judgment is reversed, at the appellee's costs, and the cause is remanded for a new trial.