UNIÒN BANK & TRUST COMPANY OF KOKOMO ET AL.
*v.* VANDERVOORT

[No. 18,148. Filed November 19, 1951. Rehearing denied
January 18, 1952. Transfer denied March 4, 1952.]

*Marshall, Hillis & Hillis,* and *Curtis W. Roll,* both of Kokomo, for appellants.

*Landis & Landis,* of Logansport, for appellee.

MARTIN, C. J.—This is an appeal from a judgment rendered against the appellant, Union Bank and Trust Company of Kokomo, and one Daniel R. Good, in proceedings supplementary to execution. The judgment on which the proceedings supplementary to execution was based was rendered in the Cass Circuit Court against Daniel R. Good. An execution was issued on said judgment in Howard County, Indiana, and placed in the hands of the sheriff of Howard County where the defendant, Daniel R. Good, lived. The proceedings supplementary to execution were filed in the Howard Circuit Court and the appellant was made a party defendant.

The court overruled the motion for a new trial which was filed by the appellant, Union Bank and Trust Company.

The error assigned in this court and which the appellant relies upon for reversal is, that "the trial court erred in overruling the appellant Union Bank & Trust Company's motion for a new trial."

The appellee's verified complaint filed in said proceedings alleged that on the 9th day of April, 1948, plaintiff recovered a judgment against the defendant Good in the Cass Circuit Court of Indiana for $1,635 and costs; that thereafter, on the 9th day of June, 1948, plaintiff caused an execution to be issued thereon to the sheriff of Howard County, Indiana, that being the county in which the defendant Good then resided and still resides; that said sheriff has made diligent but unsuccessful search for property of defendant Good with which to satisfy said execution; that said execution is still in the hands of said sheriff unsatisfied and that said judgment is still wholly unpaid.

The complaint further alleged that the defendant, Union Bank and Trust Company of Kokomo, Indiana, has in its possession the following personal property of said defendant, Good, to-wit: a savings account in the approximate amount of $2,300, which property is not within any exemption but is subject to execution; that the defendant, Good, does not have sufficient property subject to execution aside from the property above described in the hands of the defendant, Union Bank and Trust Company, to satisfy said execution; that the defendant, Good, unjustly refuses to apply said assets in the hands of the defendant, Union Bank and Trust Company, to the satisfaction of the execution or judgment.

Thereupon the judge of the Howard Circuit Court issued the following order:

"Plaintiff, Dorothy Vandervoort, having filed in this court her verified complaint, showing that on the 9th day of April, 1948 she recovered a judgment against the defendant Daniel R. Good, in the Cass Circuit Court of Indiana for $1,635.00 and costs; that on the 9th day of June, 1948, she caused an execution to be issued thereon to the Sheriff of

Howard County, Indiana, being the county in which said defendant Good then resided and still resides, which execution is now in said Sheriff's hands unsatisfied; that said judgment is still wholly unpaid; that the defendant Union Bank and Trust Company has in its possession the following personal property of said defendant Good, to-wit: Savings Account in the approximate amount of $2,300.00, which said property is not within any exemption but is subject to execution; that the defendant Good does not have sufficient property subject to execution aside from the property above described to satisfy the execution; that the defendant Good unjustly refuses to apply said assets in the hands of the defendant Union Bank and Trust Company, to the satisfaction of the execution and judgment.

"It is therefore ordered that said defendant Daniel R. Good and said defendant Union Bank and Trust Co, be and appear before this court, or the Judge thereof, on the 13th day of August, 1948, at 10:00 o'clock A. M. to answer concerning said property.

"JOSEPH A. NOEL
"JUDGE PRO TEM, HOWARD
CIRCUIT COURT."

The record shows that this order and a summons was served upon the defendant, Daniel R. Good, and the defendant, Union Bank and Trust Company, on August 6, 1948. Thereafter answers were filed, a trial had, and the court made the following order and judgment:

"And the Court having heretofore heard the evidence in said cause, and being duly advised in the premises, now finds that the allegations of plaintiff's verified complaint herein are true, and that the relief prayed for therein should be granted.

"It is now therefore ordered by the court that the following property of the defendant, Daniel R. Good, in the hands of the defendant, Union Bank and Trust Company on August 6, 1948, subject to execution, to-wit: the sum of $2,300.00, due from

the defendant, Union Bank and Trust Company to the defendant, Daniel R. Good, or so much thereof as may be necessary to satisfy the judgment of the plaintiff, Dorothy Vandervoort vs. Daniel R. Good, doing business under the firm name and style of Radio Stage Door Studio, cause number 29915, in the Cass Circuit Court of Indiana, in the sum of $1,635.00 and costs, with interest at the rate of 6% per annum from June 9, 1948, shall be applied to the satisfaction of plaintiff's said judgment, and it is further ordered that the sum of $2,300.00, or so much as may be necessary to satisfy said judgment with costs and interest, as aforesaid, shall be delivered by said defendant, Union Bank and Trust Company of Kokomo, Indiana, to the Clerk of the Cass Circuit Court of Indiana, forthwith.

"It is further ordered and adjudged by the court that the plaintiff recover of and from said defendant, Daniel R. Good, her costs in this action taxed at $40.20."

The evidence in this case shows that on the 9th day of April, 1948, the appellee recovered a judgment against Daniel R. Good in the Cass Circuit Court of Indiana for the sum of $1,635 and costs; that thereafter on the 9th day of June, 1948, the appellee caused an execution to be issued thereon to the sheriff of Howard County, Indiana, that being the county in which the defendant, Daniel R. Good, then resided and has continuously resided to the date of the trial in this cause. Several days thereafter said sheriff of Howard County served said execution on the defendants, Daniel R. Good and the Union Bank and Trust Company, but said execution remains in the hands of said sheriff unsatisfied; that said judgment in the sum of $1,635 and costs, is still wholly unpaid; that the first order of court, also the process in this proceeding, was issued and served on the defendants on August 6, 1948. On said date the appellant, Union Bank and Trust Company, had in its possession the following personal property of said de-

fendant, Daniel R. Good: Savings Account, Number C-4194, in the sum of $2,807.92; that said credit was not within any exemption provided by law. Thereafter, on August 7, 1948, said entire credit was withdrawn from said bank by said defendant, Daniel R. Good, and on said date said bank paid said sum of $2,807.92 to said defendant, Daniel R. Good, at the latter's demand; that neither of said defendants now have in their possession said bank credit, nor any part or proceeds thereof; that the defendant, Daniel R. Good, immediately thereafter gave approximately the entire amount of said savings account to his son who was at that time, and has been at all times since, a resident of the City of Toledo, Lucas County, Ohio.

The evidence further shows that the defendant, Daniel R. Good, on the date said verified complaint and proceedings supplementary to execution were filed and service of process had upon the defendants, did not have sufficient property subject to execution aside from said savings account and credit in the hands of the defendant, Union Bank and Trust Company, to satisfy said execution; that the defendant, Daniel R. Good, refused to surrender said savings account and credit, or any part thereof, in payment of said judgment.

The appellant contends that the trial court erred in ordering the Union Bank and Trust Company to pay to the clerk of Howard Circuit Court on said execution said savings account and credit of the defendant, Daniel R. Good, or so much thereof as was necessary to satisfy said execution and costs.

Burns' 1946 Replacement, §2-4402, provides, that after the issuing of execution, upon an affidavit that the judgment debtor has property (describing it), which he unjustly refuses to apply towards the satisfaction of the judgment, the court may order him to appear and

answer concerning the same, and that proceedings may thereafter be had for an application of the property, in satisfaction of the judgment, etc.

Burns' 1946 Replacement, §2-4403, provides, after the issuing of an execution against the property of the judgment debtor, for summoning third persons to answer as to any property of the judgment debtor they may have in their possession and as to their indebtedness to him.

Burns' 1946 Replacement, §2-4406, provides that upon the hearing, the judge of the court may order the property of the judgment debtor, not exempt from execution, in the hands either of himself or of any other person, or any debt due to the judgment debtor, to be applied to the satisfaction of the judgment, and forbid transfers of property and choses in action; and that the judge shall have power to enforce all orders and decrees in the premises, by attachment or otherwise.

Everything in which there may be ownership and which may be available for the payment of judgments, can be reached by proceedings supplementary. 2 Gavit, *Indiana Pleading and Practice*, §569, p. 2694; *Baker* v. *State ex rel. Mills* (1886), 109 Ind. 47, 9 N. E. 711.

Money on deposit in any bank may be reached by proceedings supplementary. 2 Gavit, *Indiana Pleading and Practice, supra; Pouder et. al.* v. *Tate* (1892), 132 Ind. 327, 30 N. E. 880; *O'Brien et al.* v. *Flanders* (1877), 58 Ind. 22.

The proceedings supplemental to execution, in our opinion, was intended not only to discover property, but to reach credits and other property which the judgment debtor refused to apply in payment of the judgment, and which cannot be reached by an ordinary execution.

The appellee in this case was seeking to reach and apply to the payment of her judgment the credits due the defendant, Daniel R. Good, as represented by the records of the appellant, now in controversy and which she alleged Daniel R. Good was unjustly withholding. By the commencement of her suit and the service of process and notice on the appellant bank she acquired an equitable lien on the credit and funds due the defendant, Daniel R. Good. *Butler et al.* v. *Jaffray et al.* (1859), 12 Ind. 504; *Pouder et al.* v. *Tate, supra; Graydon* v. *Barlow et al.* (1860), 15 Ind. 197; *Cooke* v. *Ross et al.* (1864), 22 Ind. 157.

In the case of *Routh, Admr.* v. *Spencer et al.* (1871), 38 Ind. 393, the court said:

> "In a proceeding supplementary to execution, the lien in favor of the creditor attaches against the debtor of the execution defendant from the time the process is served on him. *Cooke* v. *Ross,* 22 Ind. 157. Spencer and Crocker, by the commencement of such proceedings and the service of process on Canady, acquired an equitable lien on the proceeds of such sale in the hands of Canady, and this equity ripened into a legal right when they obtained a judgment requiring Canady to pay such proceeds to them or for their use."

The appellant bank could in no wise affect that lien by any act of its own without the consent of the appellee. *Pouder et al.* v. *Tate, supra.*

The appellant bank, without the consent of the appellee and without any order of the court authorizing it to do so, paid the credit of $2807.92 due the defendant, Daniel R. Good, who in turn gave it to a son in Ohio beyond the jurisdiction of the court. The payment of the credit of $2807.92 by the appellant bank to one of the parties to the suit, without the order of the court or the consent of the appellee,

was wrongful and the court did right in treating said bank as still in the custody of the credit due the defendant, Daniel R. Good. *Pouder et al.* v. *Tate, supra.*

There is no available error in the record.

Judgment affirmed.

BOWEN, J., dissents, with opinion.


## DISSENTING OPINION

BOWEN, J.,—I cannot agree with the majority opinion in this case. This proceeding was had under §2-4403, Burns' 1946 Replacement, which statute does not create any substantive rights and merely provides for certain procedures. No restraining order or injunction against the bank was ever obtained by the judgment creditor in this case, and no order was ever issued by any court ordering the bank to hold or apply the debt which it owed to the defendant Good in satisfaction of appellee's judgment.

The statute, §2-4406, Burns' 1946 Replacement, provides that upon *hearing,* the judge of the court may order any property, income, or profits of the judgment debtor, not exempt from execution, in the hands of either himself or any other person, or any debt due to the judgment debtor, to be applied to the satisfaction of the judgment, and to forbid transfers of property and choses of action. No such order was made in this case prior to the time the bank honored the check of defendant Good and paid him the amount of his deposit. The bank violated no restraining order or injunction or any order of the court.

It is a fundamental rule of banking law, that, in the case of general deposits of money in the bank, the moment the money is deposited, the bank and the de-

positor assume the relationship of debtor and creditor. 7 Am. Jur., §444, p. 313; *Storen, State Treasurer* v. *Sexton* (1936), 209 Ind. 589, 200 N. E. 251.

The only order served on the defendant bank prior to the time that it paid the amount of the deposit to the debtor defendant Good was as follows:

> ". . . that the defendant Union Bank and Trust Co. has in its possession the following personal property of said defendant Good, to-wit: Savings Account in the approximate amount of $2300.00, which said property is not within any exemption but is subject to execution; that the defendant Good does not have sufficient property subject to execution aside from the property above described to satisfy the execution; that the defendant Good unjustly refuses to apply said assets in the hands of the defendant, Union Bank and Trust Co. to the satisfaction of the execution and judgment, which verified complaint is in the words and figures following, to-wit: (Here insert), it is therefore ordered that said defendant Daniel R. Good and said defendant, Union Bank and Trust Co., be and appear before this court, or the Judge thereof on the 13th day of August, 1948, at 10:00 o'clock A.M. to answer concerning said property."

Both the court below and the majority opinion affirming such decision proceed upon the apparent theory that the appellant Union Bank and Trust Company actually had money in specie belonging to the defendant Good in its possession, since the court stated in its final judgment that the "following property of the defendant Daniel R. Good in the hands of the defendant Union Bank and Trust Company, to-wit: $2300.00 be delivered to the Clerk of the Cass Circuit Court.

The appellant bank never had any property of the defendant that was capable of delivering in specie. The

bank was bound to honor the check of the .defendant Good and if it had failed to do so would have been liable to him in an action to recover such amount.

There is no question but that a bank account or chose of action can be reached in proceedings supplemental to the execution. However, the appellee could have obtained a restraining order or an injunction against the bank from paying said indebtedness to the defendant or to anyone else until the matter could be heard and determined. This she did not do. She could have availed herself of the benefits of the provisions of §18-2001, Burns' 1950 Replacement. She would have been amply protected under this section.

The actions of the court below, and the majority opinion affirming the same, create a situation where a bank is forced to pay the amount of a depositor's credit twice on the theory, as expressed in the majority opinion, that a lien attached at the time the original service of process and notice on the appellant bank, which notice and order merely directed the bank to appear and answer concerning said deposit. No injunction or restraining order of any character whatsoever was served on the bank at this time. In my opinion, the lower court and the majority opinion were in error by reason of two basic misconceptions; the first being that the court treats this banking account as tangible property in specie since the court at the time of its final judgment referred to the property as property in specie. The appellant bank never had any property of the defendant that was capable of delivering in specie. *In Re Delaney: S. D. Fruit & Produce Co.* v. *Bank of U. S.* (1931), 256 N. Y. 315.

Also, statutory proceedings supplemental to execution operate *in rem. Beavans et al.* v. *Groff* (1937), 211 Ind. 85, 5 N. E. 2d 514.

This is a proceeding *in rem,* and the judgment in the court below and the majority opinion affirming the same not only declare a lien on the bank account of the execution defendant, but also, in effect, render a personal judgment against the defendant bank, which, prior to the time such deposit had been paid, had merely been ordered to appear and answer concerning such deposit, and no restraining order or injunction of any nature whatsoever had been entered against the bank in this stage of the proceeding.

The cases set forth in the majority opinion are in the main cases involving the assignments of choses in action to third parties by the execution debtor.

The courts in such cases held that a lien attaches which prevents the execution debtor from transferring such property to third persons. Such a situation does not exist in the instant case, and the fact that a lien *in rem* may exist against such choses in action belonging to the execution debtor Good in the instant case does not, in my opinion, under the laws of this state establish a lien which may operate as a personal judgment against a bank owing the amount of a deposit to the execution debtor, and such bank, upon paying the amount of such deposit on proper order after merely having received notice that proceedings supplemental to execution had been instituted, should not be required to pay such money twice, which is the effect of the majority opinion.

The majority opinion proceeds upon the theory that an equitable lien attached at the time of service of process on the defendant bank and the order to such bank to answer concerning deposit. This section under which this action was prosecuted, §2-4403, Burns' 1946 Replacement, merely provides a right to require the defendants to appear and answer concerning certain

property, which the judgment debtor has or may be entitled to receive, but it does not create a lien in favor of the judgment plaintiff. Section 2-4402 reads as follows: " . . . and such proceedings, may, *thereafter*, be had for the application of the property, income, or profits of the judgment debtors toward a satisfaction of the judgment as provided upon the return of an execution." (My emphasis) Such proceeding thereafter was not had in the instant case prior to the time the bank paid the amount of this deposit to the execution debtor.

It would seem to be elementary justice that the bank in the instant case should not be held liable to the creditor of the defendant debtor until some order or decree is served upon such bank, restraining it from paying the amount of a deposit to one of its depositors, in view of the well established principle of banking law that the obligation of a bank to its depositor is to repay the depositor on a proper demand.

The case of *Pouder et al.* v. *Tate* (1892), 132 Ind. 327, 30 N. E. 880, cited in the majority opinion, involves money in specie which was held in *custodia legis*, and consequently presents an entirely different factual situation from the facts at bar. In my opinion, the judgment of the Miami Circuit Court is contrary to law and should be reversed.

NOTE.—Reported in 101 N. E. 2d 724.