**Elbert T. JONES**

v.

**MARION COUNTY SMALL CLAIMS COURT, LAWRENCE TOWNSHIP DIVISION.**

**Charles F. LONG**

v.

**Lynda F. HUPPERT, Judge, Marion County Small Claims Court of Indiana, Washington Township Division, and Associates Financial Services Company of Indiana, Inc.**

**Nos. IP 88–312–C, IP 88–346–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Dec. 6, 1988.

---

**8.** The state law claims against DeMarte are pendent claims over which the court retains jurisdiction.

Kenneth J. Falk, Dennis K. Frick, Legal Services Organization of Indiana, Indianapolis, Ind., for plaintiff Elbert T. Jones.

Louis Rosenberg, Sally F. Zweig, UAW Legal Services Plan, Indianapolis, Ind., for plaintiff Charles P. Long.

Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, Ind., for Marion County Small Claims Court.

Charles B. Huppert, Huppert & Altman, Indianapolis, Ind., for Lynda F. Huppert.

Frederick F. Frosch, Frosch & Frosch, Indianapolis, Ind., for Associates Financial Services Co. of Indiana.

## ORDER

STECKLER, District Judge.

This matter was initially before the Court upon the motion of joint plaintiffs, Elbert T. Jones ("Jones") and Charles P. Long, ("Long") for summary judgment. Other motions before the Court in this case are:

(1) Defendant Associates Financial Services Company of Indiana, Inc. ("Associates Financial") moved the Court pursuant to Fed.R.Civ.P. 19 to dismiss the complaint for failure to join an indispensable party;

(2) Defendant Judge Lynda F. Huppert brought Fed.R.Civ.P. 12(b)(6) and 19 motions to dismiss;

(3) Associates Financial moved for a hearing on its dismissal motion;

(4) Long moved to strike Associates Financial's motion to dismiss; and

(5) Associates Financial brought a Fed. R.Civ.P. 56 motion for summary judgment in its behalf.

In the midst of these motions, the defendants raised issues of the standing of plaintiffs to sue and mootness of the cause. These preliminary issues will be addressed before the motions because lack of standing or mootness of the case would preclude the Court from reaching the merits of the other motions or of the case itself.

I. Background.

This case concerns the constitutionality of post-judgment garnishment procedures involving financial institutions in Indiana. It raises the question of whether Indiana law provides adequate notice and opportunity for a hearing to a judgment debtor whose bank account is frozen subject to a judgment when the account contains funds exempt from garnishment by federal law.

This consolidated action of two judgment debtors is brought under 42 U.S.C. § 1983 seeking a preliminary injunction, a declaratory judgment that Ind.Code 28–1–20–1.1 (1986) is unconstitutional and attorney fees and costs. Plaintiff Long also seeks compensatory damages. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and can provide declaratory relief under 28 U.S. C. § 2201.

Ind.Code 28–1–20–1.1 replaced Ind.Code 28–1–20–1 through Acts, 1980, P.L. 40 § 10. The provision provides protection for a bank, trust company or savings bank when the financial institution receives notice of a money judgment against a depositor of the institution. The bank or other financial institution is permitted to disregard the notice and honor its depositor's instructions except in four situations. The relevant situation in this case is:

(4) When the adverse claimant is a money judgment creditor attempting to garnish a deposit, the money judgment creditor shall provide the bank or trust company notice of the garnishment proceeding, the unpaid amount of the judgment, and sufficient identifying information about the judgment defendant to enable the bank or trust company to reasonably

verify the judgment defendant as its depositor and shall serve upon the bank or trust company an order issued by a court of competent jurisdiction pursuant to the laws authorizing proceedings supplementary to execution. Ind.Code 28-1-20-1.-1(a)(4).

Ind.Code 28-1-20-1.1 was enacted, as was its predecessor, to "protect the financial institution, which, in good faith and prior to notice acts on the strength of the phraseology accompanying the deposit." [1] There are no provisions for providing notice to the depositor of the action to freeze his account, nor that he can claim certain funds as exempt from garnishment. Finally, there is no provision for a prompt hearing on the issue of exempt funds.

Plaintiffs, Jones and Long, were judgment debtors for judgments taken against them in the Marion County Small Claims Courts of Lawrence Township and Washington Township respectively. Jones owed $352.78 and Long owed $1,841.48.

Jones' bank account contained Social Security benefits and Supplemental Security Income benefits. Both are exempt from attachment. 42 U.S.C. § 407 (1983). Long's account contained in part exempt Social Security funds. In addition it contained disability pension benefits which Long claims are also exempt from execution under 29 U.S.C. § 1056(d) (1985).

In March, 1982, the Marion County Small Claims Courts of Lawrence and Washington Townships froze the bank accounts of both plaintiffs in accord with Ind.Code 28-1-20-1.1. The courts did not provide notice of the bank account freeze nor of plaintiffs' right to claim exemptions for Social Security or pension funds. No prompt hearing was scheduled for either plaintiff.

The banks lifted the freezes voluntarily within two and three weeks of the initial actions after being informed of the exempt nature of the funds.

Plaintiffs allege that Ind.Code 28-1-20-1.1 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Plaintiffs point to similar statutes in other states which have been struck down as unconstitutional or altered significantly by the courts: Rhode Island (*Dione v. Bouley*, 757 F.2d 1344 (1st Cir.1985)); Pennsylvania (*Finberg v. Sullivan*, 634 F.2d 50 (3d Cir.1980)); Alabama (*Green v. Harbin*, 615 F.Supp. 719 (N.D. Ala.1985)); Maryland (*Reigh v. Schleigh*, 784 F.2d 1191 (4th Cir.1986)); Arizona (*Neely v. Century Finance Company of Arizona*, 606 F.Supp. 1453 (D.Az.1985)); Virginia (*Harris v. Bailey*, 574 F.Supp. 966 (W.D. Va.1983)); New York (*Deary v. Guardian Loan Company, Inc.*, 534 F.Supp. 1178 (S.D.N.Y.1982)); and Hawaii (*Betts v. Tom*, 431 F.Supp. 1369 (D.Haw.1977)).

A duly enacted Indiana statute is presumed to be constitutional and the party attacking its constitutionality assumes the burden of demonstrating its unconstitutionality clearly and beyond a reasonable doubt. *Perry Tp. Marion Co. v. Indianapolis Power and Light Co.*, 224 Ind. 59, 64 N.E.2d 296 (1946). However, a higher level of scrutiny is required when, as here, fundamental rights are at issue. *Decatur Co. Rural Electric Membership Corp. v. Public Service Co. of Indiana*, 261 Ind. 128, 301 N.E.2d 191 (1973). The Court does not approach its task lightly and, presuming the statute valid, will find it unconstitutional only if it violates the rights and safeguards secured by the Constitution. *Kinnaird v. State*, 251 Ind. 506, 242 N.E. 2d 500 (1968).

## II. Standing of Parties; Mootness.

In a memorandum filed with the Court on August 24, 1988, defendants alleged for the first time that plaintiffs lack standing to sue and that their cases are now moot. Standing and mootness are distinct concepts and will be discussed separately.

The requirements for standing are that the plaintiff "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant" and that the injury

   (1) "fairly can be traced to the challenged action"; and

---

**1.** Grimes, *Aunt Mennee's Portrait*, 10 Ind.L.Rev. 675, 690 (1977).

(2) "is likely to be redressed by a favorable decision."

*Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982) (internal citations omitted).

Plaintiffs are indigent individuals who suffered the actual injury of having their only available funds frozen without notice or an opportunity to retain their exempt funds promptly. Their judgments remain unpaid so the threat of renewed garnishment exists. The Court's favorable decision would result in an injunction prohibiting the recurrence of the garnishment proceedings against these plaintiffs and a declaration that Ind.Code 28-1-20-1.1 is unconstitutional. The injury to plaintiffs would be redressed by such a court decision. Plaintiffs have standing to sue.

■ Mootness refers to the Article III requirement that federal courts adjudicate only actual, ongoing controversies. A case must be alive not only when it commences but also at every point in its progress toward trial. *Steffel v. Thompson,* 415 U.S. 452, 459, n. 10, 94 S.Ct. 1209, 1216, n. 10, 39 L.Ed.2d 505 (1974).

An exception to this traditional concept of mootness has been created by the Court for those cases "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). *See Moore v. Ogilvie,* 394 U.S. 814, 816, 89 S.Ct. 1493, 1494, 23 L.Ed.2d 1 (1969); *Carroll v. Princess Anne,* 393 U.S. 175, 178–179, 89 S.Ct. 347, 350–351, 21 L.Ed.2d 325 (1968); *United States v. W.T. Grant Co.,* 345 U.S. 629, 632–633, 73 S.Ct. 894, 897–898, 97 L.Ed. 1303 (1953). A case that cannot be resolved while the plaintiff is still injured should still be considered by the Court. Jones' and Long's claims to deprivation of due process with respect to their exempt funds fit the "capable of repetition yet evading review" exception to the mootness doctrine because plaintiffs' judgments remain unpaid. The exempt funds in their bank accounts remain subject to Ind.Code 28-1-20-1.1.

Accordingly, the Court rules that plaintiffs have standing and that the case is not moot. Therefore, dismissal for these reasons is denied.

### III. Defendant Huppert's Motion to Dismiss.

Defendant Judge Lynda F. Huppert ("Huppert") moved the Court to dismiss the claim against her pursuant to Fed.R. Civ.P. 12(b)(6) and 19, arguing that:

(1) judicial immunity prohibits the imposition of compensatory damages against her;

(2) she did not act "under color of state law" in executing or attaching plaintiffs' exempt funds but rather under state case law, and, therefore, she has not violated § 1983;

(3) attorney fees cannot be maintained against a judge under § 1983;

(4) pension disability funds are not exempt under 29 U.S.C. § 1056;

(5) due process violation allegations do not state a claim upon which relief can be granted against the judge because a hearing was scheduled; and

(6) plaintiff is required to join a party needed for just adjudication of this suit.

■ Although not apparent from his complaint, plaintiff Long states in his response to Huppert's motion to dismiss that he does not seek compensatory damages nor attorney fees from Huppert. Therefore, on items (1) and (3), defendant Huppert's motion to dismiss is granted.

The absolute immunity that state judges enjoy from federal civil rights suits, when performing judicial duties, is limited to damage actions. It does not extend to suits seeking injunctive relief. *Lynk v. LaPorte Superior Court No. 2,* 789 F.2d 554 (7th Cir.1986); *Bramlett v. Peterson,* 307 F.Supp. 1311 (1969).

■ Huppert claims that Long has failed to state a claim cognizable pursuant to 42 U.S.C. § 1983. To succeed under § 1983, Long must show that he has been deprived of a right "secured by the Constitution and laws" of the United States. He must also

show that, in depriving him of this right, defendant Huppert was acting "under color of any statute of the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930, 102 S.Ct. 2744, 2750, 73 L.Ed.2d 482 (1981); *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1732, 56 L.Ed.2d 185 (1978).

Huppert claims that her action in freezing Long's account was based not on state law but on Indiana case law, specifically *Union Bank & Trust Co. of Kokomo v. Vandervoort*, 122 Ind.App. 258, 101 N.E.2d 724 (1951). *Union Bank* refers to "proceedings supplementary to execution" under Indiana law, Burns Replacement, §§ 2-4402; 2-4403; 2-4406. *Union Bank* 101 N.E.2d at 727. In the current Indiana Code, these designations are Ind.Code 34-1-44-2; 34-1-44-5; 34-1-44-7. *Conversion Tables* 3 (Spec.Supp.1971). These state code provisions deal with the general topics of judgment debtors, execution of judgment, and orders of court for property liens. They are related to the more specific provisions of Ind.Code 28-1-20-1.1 which limit the liability of banks when the accounts of judgment debtors are frozen. Thus, Huppert's actions were still "under color of state law." Action based on state case law, even if based solely on state common law, would qualify as "custom or usage of a state" for purposes of § 1983. Defendant Huppert's role as a judge also cloaks her action with the authority of state law. *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). Accordingly, her action in issuing the freeze order on plaintiffs' bank accounts is action under color of state law. Her motion to dismiss the complaint for failure to state a claim under § 1983 is denied.

■ Defendant Huppert further contends that Long's pension disability funds were not exempt and, therefore, he has failed to state a claim upon which relief can be granted. There is no dispute that Social Security funds are exempt. 42 U.S.C. § 407. The exemption of the portion of Long's bank account which contained Social Security funds is sufficient to state a claim upon which relief can be granted.

The timing and manner of a hearing, as well as notice as provided by Ind.Code 28-1-20-1.1, are the crux of the due process violations alleged by plaintiff Long. The fact that a hearing may have been scheduled for several weeks after the freeze does not compel dismissal of the claim.

■ Huppert's final argument for dismissal is based on Fed.R.Civ.P. 19 which requires joinder of persons needed for just adjudication. Huppert contends that Merchants National Bank should be named as a party pursuant to this rule.

Merchants does not qualify as "a party needed for just adjudication" according to Rule 19 criteria: (1) joinder of Merchants would not affect the declaratory or injunctive relief sought by Long; (2) Merchants does not have interests which will be "impaired or impeded in its absence"; and (3) the absence of Merchants will not increase the obligation of existing parties. Ind. Code 28-1-20-1.1 protects the bank's interest when the bank freezes an account in good faith upon receipt of adequate notice. The obligation of Huppert is not compensatory or for attorney fees. Thus, the absence of Merchants neither potentially harms the bank's own interests nor increases the possible obligations of Huppert. Huppert's motion to dismiss based on Fed. R.Civ.P. 19 is denied.

IV. Cross Motions for Summary Judgment.

Plaintiffs and defendants have both moved the Court for summary judgment pursuant to Fed.R.Civ.P. 56 in their favor. Defendants' prior Fed.R.Civ.P. 12(b)(6) motions to dismiss for failure to state a claim are treated as summary judgment motions with the inclusion of materials outside the pleadings.

Fed.R.Civ.P. 56 states in part that:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).

Pursuant to Local Rule 11, in determining a motion for summary judgment, this Court will assume that the facts as claimed by the moving party are admitted to exist without controversy, except as and to the extent that such facts are actually in good faith controverted in the statement of genuine issues filed in opposition to the motion.

On June 15, 1988, plaintiffs filed with the Court their joint motion for summary judgment, memorandum in support of motion for summary judgment, affidavits and statement of material facts. Defendants did not file a statement of genuine issues pursuant to Rule 11 of the Rules of the United States District Court for the Southern District of Indiana. Defendants' memorandum in support of response to the joint motion for summary judgment does not contest the accuracy of the facts as set forth in plaintiffs' motion, memorandum, affidavits, and statement of material facts. Accordingly, the Court will accept the facts as stated by plaintiffs as true.

Plaintiffs contend that defendants' reliance on Ind.Code 28–1–20–1.1 has unconstitutionally deprived them of funds which Congress has designated as exempt from garnishment.

The Supreme Court has never wavered from its position that once a deprivation of protected property has occurred some form of due process is required. *See Matter of Special March 1981 Grand Jury*, 753 F.2d 575, 581 (7th Cir.1985) (Swygert, J., dissenting); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433, 102 S.Ct. 1148, 1156, 71 L.Ed.2d 265 (1982). Even a temporary deprivation entitles the property owner to due process. *Matter of Special March 1981 Grand Jury* at 580; *Fuentes v. Shevin*, 407 U.S. 67, 85, 92 S.Ct. 1983, 1996, 32 L.Ed.2d 556 (1971); *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1968).

■ The Indiana statute which protects financial institutions is silent as to the due process rights of plaintiffs. It does not mandate prompt notice of the freeze to depositors immediately after the freeze and notice that they may claim certain funds as exempt from garnishment. Further, it fails to provide depositors with the opportunity for a prompt hearing in which to identify funds which are exempt. In this action plaintiffs do not seek preattachment notice and hearing procedures, recognizing the hardships this would work on judgment creditors. The process sought is post-attachment—prompt notice of the freeze, prompt notice of the right to claim exemptions and the prompt opportunity for a hearing in which to claim exemptions.

The Court holds today that Ind.Code 28–1–20–1.1 is unconstitutional in so far as the statute does not provide for prompt notice to depositors that the account has been frozen, that they are entitled to claim exempt funds and that a prompt hearing will be scheduled to identify those funds. This holding is narrow, however, in that it involves only funds kept in bank accounts or with trust companies or other financial institutions. Ex parte post-judgment seizures of other nonliquid assets are not affected.

The Court, having examined the motions, the memoranda, the affidavits and the other materials presented by the parties, now finds that there is no genuine issue as to any material fact and that plaintiffs are entitled to judgment as a matter of law. The Court now enters the following findings of fact and conclusions of law.

### Findings of Fact

1. Elbert T. Jones is a 65 year old resident of Indianapolis.

2. Elbert F. Jones' sole income is Social Security of $265.00 per month and Supplementary Security Income (hereinafter "SSI") of $109.20 per month.

3. Mr. Jones has deposited these funds in the past into a checking account at Indiana National Bank in Indianapolis.

4. On February 29, 1988, the bank account contained only the proceeds from Social Security and SSI.

5. Mr. Jones has no assets or valuable personal property of any kind.

6. There is a judgment taken against Mr. Jones by Kenneth Kern.

7. The judgment was taken in the Marion County Small Claims Court, Lawrence Township Division.

8. On February 29, 1988, pursuant to a garnishment action which was filed by the judgment creditor, the Marion Small Claims Court, Lawrence Township Division (hereinafter "Lawrence Small Claims Court") issued an order to the Indiana National Bank to answer certain interrogatories as to Mr. Jones' bank account.

9. At the same time, the Lawrence Small Claims Court set a proceedings supplemental hearing for Mr. Jones to appear in court and answer as to his income and assets on March 23, 1988.

10. No notice of the sending of the interrogatories was given to Mr. Jones.

11. The effect of the interrogatories was to freeze Mr. Jones' bank account.

12. Accordingly, upon receipt of the interrogatories the Indiana National Bank froze Mr. Jones' bank account for sixty days.

13. Mr. Jones received no notice of this freeze from the Lawrence Small Claims Court.

14. He received notice of the freeze on March 2, 1988, through a letter from the Indiana National Bank informing him of the freeze.

15. At the time he was notified that his account was frozen, Mr. Jones had just deposited his March Social Security and SSI checks.

16. There was approximately $265.00 in the account.

17. Before Mr. Jones was notified of the freeze, he had written checks on the account to pay his rent and utility bills.

18. At the time the account was frozen, Mr. Jones had $0.60 in cash to live on for the remainder of the month.

19. Mr. Jones was not informed of any rights to claim his Social Security and SSI funds as exempt from execution.

20. Mr. Jones was also not informed of any right to ask for a hearing prior to the hearing that was set on March 23, 1988.

21. Mr. Jones was able to obtain counsel and after filing a Verified Motion to Release Freeze on Bank Account, the Small Claims Court released the freeze on March 17, 1988.

22. At the current time, Mr. Jones still owes the judgment to Kenneth Kern.

23. Charles Long is a resident of Indianapolis who was determined on November 17, 1982, to be permanently disabled.

24. Since that date, he has received Social Security Disability benefits and disability pension benefits from General Motors Corporation.

25. His pension from General Motors is paid from a trust qualified under the Employee Retirement Income and Security Act (29 U.S.C. § 1001, *et seq.*).

26. Charles Long's Social Security and disability pension benefits have been automatically deposited in a checking account at Merchants National Bank.

27. On September 11, 1987, an agreed judgment was entered for $1,841.48 against Mr. Long in favor of Associates Financial Services Company of Indiana, Inc., in the Washington Township Division of the Marion County Small Claims Court.

28. On January 27, 1988, the judgment creditor filed its motion for proceeding supplemental along with an order to appear and an order to answer interrogatories.

29. On February 25, 1988, the Small Claims Court signed the order to answer interrogatories directed to Merchants National Bank and further ordered the bank to put a hold on the amount of judgment in the account belonging to Mr. Long.

30. In response to the order, the bank put a hold on $415.17 which was the balance of Mr. Long's account on March 3, 1988.

31. The source of the money held was exclusively Social Security Disability benefits and disability pension benefits.

32. Mr. Long has no other money with which to support himself.

33. Mr. Long's first notice of the hold on his account was a voluntary letter from the bank on or about March 5, 1988.

34. Mr. Long received no other notice of the order holding his bank account.

35. By counsel, Mr. Long filed a motion to lift the freeze on March 11, 1988, and on March 14, 1988, the Small Claims Court ordered the freeze lifted.

36. The judgment owing by Mr. Long to Associates remains unpaid.

37. Any finding of fact interpreted as a conclusion of law shall be deemed to be such.

### Conclusions of Law

1. Indiana law, Ind.Code 28–1–20–1.1, required Indiana National Bank and Merchants National Bank to freeze Mr. Jones' and Mr. Long's bank accounts upon receipt of the interrogatories from the Small Claims Courts.

2. Social Security and SSI funds are exempt from execution and this exemption applies even after the monies are deposited in bank accounts. 42 U.S.C. § 407 and 42 U.S.C. § 1983.

3. The temporary seizure of Mr. Jones' and Mr. Long's bank accounts after a court order pursuant to state statute was state action.

4. The temporary seizure of the bank accounts deprived Mr. Jones and Mr. Long of property as defined by the due process clause of the Fourteenth Amendment.

5. Due process required that the seizure of Mr. Jones' and Mr. Long's bank accounts be accompanied by immediate notice informing them of their right to claim exemptions and also informing them of the right to request a prompt hearing.

6. Due process required that Mr. Jones and Mr. Long be afforded a prompt hearing subsequent to the seizure of their bank accounts.

7. Inasmuch as Indiana law, Ind.Code 28–1–20–1.1, does not require notice of seizure, does not require notice of exemptions, does not require notice of a prompt hearing right, and does not require that a prompt hearing be set, said statute is unconstitutional and is violative of the due process clause of the Fourteenth Amendment.

8. To the extent that any conclusion of law is found to be a finding of fact, it shall be deemed as such.

Accordingly, by reason of the foregoing, the Court hereby GRANTS the motion of plaintiffs' Jones and Long for summary judgment.

IT IS SO ORDERED.