## Lesh et al. *v.* Davison.

[No. 22,536.    Filed April 2, 1914.]

1. Trial.—*Findings.—Sufficiency.—Venire de Novo.*—Where the court made special findings, but failed to find the amount due to plaintiff, or to make any finding from which the amount could be inferred, and there was no way to determine how the amount of the judgment was arrived at, a conclusion of law that a specified amount was due cannot take the place of such essential finding, and a motion for a *venire de novo* should have been sustained.    p. 430.

2. Conversion.—*Conclusions of Law.—Construction.*—Where the complaint alleged the conversion of money only, and there was a finding of fact of the conversion of chattel property, the phrase "and property" as used in a conclusion of law on such findings, that defendant "converted to his own use as charged in the complaint the money and property of the plaintiff," cannot be construed as embracing and intending to describe the money. p. 431.

3. Garnishment.—*Appeal.—Reversal.—Extent of Reversal.*—Under the provisions of §971 Burns 1908, Acts 1897 p. 233, the reversal of the judgment against a garnishee must necessarily follow on the reversal of the judgment against the principal defendant.    p. 431.

4. Partnership.—*Accounting.—Pleading.—Answer.—Set-off.*—In an action by a partner for an accounting and charging a conversion of money by the other partner, an answer setting up matters which, in so far as they were involved in the business conducted by the parties, could have been shown under the general denial, but which answer was in the nature of a set-off, claiming for matters in addition to those growing directly out of the business of the partnership, was properly pleaded notwithstanding the rule that set-off is not allowable in actions for the conversion of property, since the demands of the parties arose directly out of contract, and the conversion alleged was merely a technical con-

version arising from a failure to account on cross-demands arising from the contractual relation; hence the court erred in sustaining a demurrer to such answer. p. 432.

From Wells Circuit Court; *Charles E. Sturgis*, Judge.

Action by Charles F. Davison against Otto Cupp and another. From a judgment for plaintiff, the defendants appeal. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*William H. Eichhorn* and *Edwin C. Vaughn*, for appellants.

*A. W. Hamilton* and *R. W. Stine*, for appellee.

MYERS, J.—This is, in fact, an action for an accounting for money, brought by appellee against one Cupp as principal defendant, and appellant Lesh as garnishee defendant. Cupp assigned error after the appeal was perfected. The assignment of errors by Lesh is in overruling his motion for a *venire de novo*, and error in specified conclusions of law on the facts found, and Cupp assigns error in sustaining a demurrer to his fifth paragraph of answer, and as to specified conclusions of law, and in overruling his motion for a *venire de novo*. The evidence is not in the record. The issues are presented by a complaint in two paragraphs, accompanied by affidavits in attachment and garnishment against several persons including appellant Lesh, numerous answers by Cupp, and answers to the affidavit in attachment by the garnishee defendants, including appellant Lesh. Demurrers were sustained to all the paragraphs of the answer of Cupp, but he assigns error here as to the ruling on the fifth paragraph only.

It would be unprofitable to set out the findings, or to undertake to set out their substance. They are so voluminous and involved that it is impossible to arrive at any correct conclusion as to what they do find. Nowhere in the findings is there any finding of the amount due or owing appellee from the main defendant Cupp, nor are

there any findings from which such amount may even be inferred. It may be more or may be less, so far as any finding discloses. Nor are we aided by the brief of appellee as to what the true amount is. He claims a much larger amount than he was awarded judgment for, and there are evidentiary findings which would apparently warrant a much larger amount; but how the amount of the judgment was arrived at is not pretended to be accounted for, but above all it is only in the conclusions of law, that the amount due is stated; and we have searched in vain for any items of debit or credit which can be tortured into a finding or findings which, taken severally, or as a whole, or by any method of adaptation of figures, or inferences of fact, warrant the conclusion as to the amount due; and such conclusion cannot take the place of the essential finding as a fact of the amount, if any, which is due, or such facts as would impel the inference of the amount due. There is

2. a so-called conclusion of law that Cupp "converted to his own use as charged in the complaint, the money and property of the plaintiff to the amount of $1,228.42." It is not alleged in the complaint that any property was converted, but it is charged only that money was converted. We might possibly treat the phrase "and property" as embracing and intending to describe the money, as the property of the plaintiff, but there is a finding of the fact of the conversion of chattel property. Its value, however, is not found, nor is there any finding of the amount of money converted, nor any finding by which any sum can be arrived at, and nothing on which to base the conclusions made or the judgment rendered. Therefore the motion for a *venire de novo* by Cupp should have been sustained. The

3. judgment against the principal defendant failing, it must also fail as to the garnishee defendant Lesh. §971 Burns 1908, Acts 1897 p. 233. *Emery* v. *Royal* (1888), 117 Ind. 299, 20 N. E. 150; *Newman* v. *Manning* (1883), 89

Ind. 422; *Robbins* v. *Alley* (1872), 38 Ind. 553; Drake, Attachment (7th ed.) §228.

The complaint counts upon a conversion of money, growing out of a contract between appellee and Cupp in carrying on a business. The affidavit in attachment states as the cause of action "an action in accounting and conversion herein for money due him from defendant, taken and used by defendant out of the business of plaintiff, and for profits thereon, and for which the defendant fails and refused to and neglected to reimburse and account" to him. The second, third and fifth statutory causes for attachment are alleged. The affidavit in garnishment alleges that the cause of action "is  *  *  *  upon oral agreement  *  *  *  and account due  *  *  *  for money in the hands of the defendant which said defendant has converted to his own use." The sixth conclusion of law excepted to by both Cupp and Lesh is, that Lesh was not indebted to Cupp, and that the note in the possession of Lesh, which is the subject of garnishment, was at all times the property of Cupp, and the findings support this conclusion. Neither Cupp nor Lesh has any ground for complaint of this conclusion under the findings.

The court sustained a demurrer to appellant Cupp's fifth paragraph of answer. It purports to be an answer to so much of appellee's complaint as seeks to charge Cupp

4.   with profits accruing from the business in which answer it is alleged that they were partners covering some period of time in several allied branches of business, and that certain profits of the business due him were retained by appellee, and he asks an accounting. Doubtless the matters alleged, in so far as they were involved in the business conducted by the parties, could have been shown under the general denial, which was pleaded, as he could show any facts in denial which plaintiff would be required to prove, or which would reduce the damages, or show that he was not liable. *Jeffersonville Water Supply Co.* v. *Riter*

(1897), 146 Ind. 521, 45 N. E. 697; *Drover* v. *Evans* (1877), 59 Ind. 454; *Blizzard* v. *Applegate* (1878), 61 Ind. 368; *Allis* v. *Nanson* (1872), 41 Ind. 154. But the answer is in the nature of a set-off, part growing out of the same transaction, and in addition to the matters claimed as growing directly out of the business transactions under which appellee claims, Cupp claimed for work and labor performed, services rendered, materials furnished, property taken and money expended for appellee, the value of all of which he asks to have set off. It was appellee's theory below, and is here, that a set-off is not allowable in actions for the wrongful seizure and conversion of personal property. It cannot be doubted that this is true in strict actions for conversion or torts. The difficulty with the position of appellee is, that both by the complaint and answer, it appears that the demands of each of the parties arise directly out of contracts between them. The conversion alleged, is technical conversion, arising from failure to account for cross-demands of each against the other, arising from contractual relations, and debts, and was the proper subject of set-off under such circumstances, and need not answer the whole complaint. *Stotsenberg* v. *Fordice* (1895), 142 Ind. 490, 41 N. E. 313, 840; *Wills* v. *Browning* (1884), 96 Ind. 149; *Kennedy* v. *Richardson* (1880), 70 Ind. 524; *Boil* v. *Simms* (1877), 60 Ind. 162; *Mullendore* v. *Scott* (1873), 45 Ind. 113; *Curran* v. *Curran* (1872), 40 Ind. 473; §353 Burns 1908, §348 R. S. 1881. The court erred in sustaining the demurrer to the fifth paragraph of answer of Cupp.

The judgment is reversed, with instructions to the court below to sustain the motions for a *venire de novo* of Cupp and Lesh, and to overrule the demurrer to the fifth paragraph of answer of Cupp.

NOTE.—Reported in 104 N. E. 642. As to conversion sufficient to sustain the action of trover, see 24 Am. St. 795.