LAKE SHORE TRUST & SAVINGS BANK *v.* CASEY ET AL.

[No. 14,764. Filed May 9, 1933. Rehearing denied September 28, 1933.]

*Lee L. Osborn, Kenneth D. Osborn, J. Allen Lampman* and *Kirkland, Fleming, Green & Martin,* for appellant.

*Andrew J. Hickey* and *John B. Dilworth,* for appellees.

KIME, P. J.—Appellant sued appellee Casey, a nonresident, on two promissory notes for two thousand ($2,000.00) dollars each, alleged to have been executed by Great Western Manufacturing Co. and endorsed to appellant by appellee Casey before maturity, which were unpaid by the maker, who was insolvent. With the complaint was filed an affidavit to the effect that Earl Rowley, trustee, held certain property, monies or credits of the said Casey which could not be reached by the sheriff in attachment, also an affidavit as to the non-residence of Casey. The court issued a garnishee summons for Rowley, trustee. Rowley filed a verified answer to the effect that he had $5,009.22 in his hands as trustee which he had been ordered to pay to Casey as a dividend and that he was informed and believed that the money was wholly within the jurisdiction of the United States District Court wherein he was a trustee and that the state court was without jurisdiction. This answer was filed January 6, 1932. Appellee Casey, on January 15, 1932, in a special appearance, filed a motion to quash the garnishment, alleging lack of jurisdiction and setting up practically the same facts as Rowley had set out in his answer. On January 25, 1932, there was filed by appellee what purported to be an order of December 24, 1931, by Alvin F. Marsh, referee in bankruptcy in the

District Court of the United States for the Northern District of Indiana giving leave to appellant to garnishee the funds due and payable to Casey from Rowley pursuant to order of same court of December 16, 1931, directing payment of a dividend.

The trial court sustained the motion to quash the garnishment, to which plaintiff excepted. This is the error assigned here. The appellee Casey contends that this is not such a final action as to be appealable.

The right of appeal is purely statutory. The statute (§695, Burns Ann. Stat. 1926, §471, Baldwin's Ind. Stat. 1934), provides: "Appeals may be taken . . . from all final judgments." The question arises, is this a final judgment or is this such an adjudication of the rights of appellant and the garnishee that effectually makes it impossible to proceed further? Is this the end? If it is, it is a final judgment, whatever it may be denominated. Did the quashing of the garnishment forever dispose of the controversy between appellant and the garnishee? It is our opinion that it did and we so hold.

Here the appellant had sued Casey, a non-resident. There was service by publication and also personal service outside the state, neither of which was sufficient to base a judgment upon which would authorize an execution. The effect of quashing the garnishment put an end forever to the action. Elliott in his Appellate Procedure, Sec. 81, stated the law to be, "A ruling discharging a garnishee is not an intermediate or interlocutory, but a final order or judgment."

In the case of *Bristol* v. *Brent* (1909), 35 Utah 213, 99 Pac. 1000, the court reasons as follows: "The order of the court ended the controversy between the plaintiff and the garnishee, and put those proceedings and the parties thereto out of court. The plaintiff is entitled at some time and on some appeal to have the ruling re-

viewed. No continued or subsequent proceedings in the district court between the plaintiff and Brent in the main action could in any wise affect the garnishee in the premises. The purpose of attachment and garnishment proceedings is to seize and hold property pending litigation in the action out of which the writs issued. When the garnishee and the garnishment proceedings were discharged the garnishment lien was also discharged. If the plaintiff cannot have the ruling reviewed and the status quo of the property preserved until a final judgment against Brent, his litigation may be fruitless; for, in the meantime the seized property may have been disposed of." Other highly persuasive and instructive language is used in this case and we commend it if further argument be needed.

The appellee Casey contends that the federal court had exclusive jurisdiction of this property and it could not be interfered with by a state court. In this contention Casey is correct. All that the trial court had before it was the complaint and the motion to quash. The complaint was an ordinary one used in such cases and did not allege that the plaintiff had permission of the district court to garnishee funds in the hands of its trustee. No other *pleading* filed in the matter disclosed that authority. After the motion to quash was filed by Casey there was before the court nothing to show that the federal court had granted consent *ex gracia*. From the record as it then stood it was plain that the state court had no jurisdiction. There was no answer, reply or other *pleading* filed after the motion to quash, nor was there any attempt made to amend the complaint.

Since it was not before the court in any *pleading* that the federal court had granted consent it was the plain duty of the trial court to quash the garnishment as the jurisdiction over this fund was within the exclusive

jurisdiction of the federal court. The motion to dismiss is hereby overruled.

No reversible error having been shown, the order quashing the garnishment was correctly made and it is affirmed.