**LAKESHORE BANK AND TRUST COMPANY, Appellant (Plaintiff Below),**

**v.**

**UNITED FARM BUREAU MUTUAL INSURANCE COMPANY, INC., an Indiana corporation, Appellee (Defendant Below).**

**No. 3–1283A412.**

Court of Appeals of Indiana, Third District.

Feb. 21, 1985.

Gordon A. Etzler, Karen L. Hughes, Hoeppner, Wagner & Evans, Valparaiso, for appellant.

Patrick J. Dougherty, Spangler, Jennings, Spangler & Dougherty, P.C., Valparaiso, for appellee.

## ON PETITION FOR REHEARING

STATON, Presiding Judge.

Appellant, Lakeshore Bank and Trust Company petitions this court for rehearing of our Memorandum Opinion, *Lakeshore Bank and Trust Company v. United Farm Bureau Mutual Insurance Company, Inc.* (1984), Ind.App., 472 N.E.2d 1325, (# 3-1283 A 412, handed down December 13, 1984), wherein we affirmed the trial court's grant of a motion for summary judgment against Lakeshore.

The petition is granted and with modification of our earlier opinion; we affirm.[1]

A brief recap of the facts shows that Lakeshore held a mortgage on the home of Theodore G. and Janice Christodoulous. The mortgage required that the Christodoulous maintain insurance on the property with a loss payable clause in favor of Lakeshore. Although the Christodoulous obtained insurance with Farm Bureau the

---

1. In the earlier opinion we held that Lakeshore had waived any error concerning the trial court taking judicial notice of the record of prior proceedings between the parties. We reaffirm that holding without change.

policy did not name Lakeshore as a loss payee. During foreclosure proceedings instituted by Lakeshore when the Christodoulous defaulted, the premises were destroyed by fire. Lakeshore attached the insurance proceeds and thereafter obtained a default judgment against the Christodoulous. Proceedings supplemental were instituted in which Farm Bureau was named a garnishee-defendant. Farm Bureau answered stating that it had paid the insurance proceeds to the Christodoulous prior to the writ of attachment and the garnishment proceedings. Lakeshore dismissed Farm Bureau from the proceedings with prejudice and one year later instituted the present suit alleging that Farm Bureau, with actual knowledge of Lakeshore's interest, wrongfully transferred the insurance proceeds to the Christodoulous.

The trial court granted Farm Bureau's motion to dismiss, treated as a motion for summary judgment, on the theory that Lakeshore's action was barred by principles of res judicata. Upon reconsideration of all the issues, we must agree with the trial court that Lakeshore is barred from pursuing this claim.

In so far as our earlier opinion stated that Farm Bureau's knowledge of Lakeshore's interest would impose no duty upon Farm Bureau to protect the insurance proceeds for Lakeshore as mortgagee, we concede error. Although we were not persuaded by the authorities cited to us by Lakeshore, our own further research reveals a substantial body of law which supports the equitable lien theory advanced by Lakeshore.

 In general, a mortgagee has no interest in a policy of insurance upon mortgaged premises unless he is given such interest by some covenant or condition in the policy or in the mortgage. Where a positive duty is imposed upon the mortgagor to insure for the benefit of the mortgagee, the mere existence of the duty is sufficient to impress upon the proceeds of any policy taken out by the mortgagor an equitable lien in favor of the mortgagee. Once the insurer has notice of the mortgagee's rights it is considered to have a duty to treat the proceeds of the policy as though the provision that the proceeds should be payable to the mortgagee were written into the policy. *Nordyke & Marmon Company v. Gery* (1887), 112 Ind. 535, 13 N.E. 683; *Oregon Mutual Insurance Co. v. Cornelison* (1958), 214 Or. 501, 330 P.2d 161; *Fidelity & Guaranty Ins. Corp. v. Super-Cold Southwest Co.* (1949), Tex.Civ.App., 225 S.W.2d 924; 5A Appleman, *Insurance Law and Practice* § 3381. The principle is that equity will treat as done that which should have been done. *Nordyke & Marmon Company, supra.* The mortgagee must protect his rights under the policy, however, by giving notice to the insurer. *Paskow v. Calvert Fire Ins. Co.*, 579 F.2d 949, 952 (5th Cir.1978), (applying Florida law).

 Accepting as true Lakeshore's allegation that Farm Bureau had actual knowledge of Lakeshore's interest in the proceeds of the Christodoulous's policy,[2] it is clear that Farm Bureau had a duty to account to Lakeshore for the funds. The question then is whether Farm Bureau's disposition of the funds was a proper subject of inquiry during the proceedings supplemental in which Farm Bureau was named as a garnishee holding property of the debtor to which Lakeshore laid claim.

 Garnishment proceedings are a means whereby a judgment creditor seeks to reach property or credits of the judgment debtor in the hands of third persons and have them applied in satisfaction of the judgment. *See,* Indiana Code 34–1–11–20 (Burns Code Ed., 1973). Under the garnishment statutes, from the day of the

---

**2.** For purposes of determining whether a material issue of fact exists on a motion for summary judgment, facts alleged by the opposing party will be taken as true. *English Coal Co., Inc. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, 307. Although the record shows a direct conflict on the issue of when the proceeds were paid out in relation to when the writ of attachment was served upon Farm Bureau we will nevertheless accept as true Lakeshore's allegation that Farm Bureau had, in some way, been notified of Lakeshore's interest in the insurance monies.

service of summons the garnishee is held accountable to the judgment creditor for the property due or owing from him to the judgment debtor. IC 34–1–11–21. It is said that by commencement of the proceedings and service of the summons the creditor acquires an equitable lien on the credit or funds due to the debtor. *Deetz v. McGowan* (1980), Ind.App., 403 N.E.2d 1160, 1165; *Union Bank & Trust Co. of Kokomo v. Vandervoort* (1951), 122 Ind. App. 285, 101 N.E.2d 724, 727. Thus, if the garnishee transfers the funds to the debtor after the equitable lien attaches, he will still be liable to the creditor in the garnishment proceedings and is treated as still having the funds in his possession. The court may order the garnishee to make payment a second time, this time to the creditor. *Id.* at 728. Because the equitable lien theory in garnishment proceedings carries with it the idea that the property is still in the hands of the garnishee, the issue is properly litigated in the proceedings supplemental. That is, the garnishee who is summoned to answer regarding property of the debtor must account to the court and the creditor for that property.

■ In the case at bar Lakeshore claims that an equitable lien attached in its favor on the proceeds of the Christodoulous' insurance policy. Whether the equitable lien attached by virtue of Farm Bureau's prior knowledge of Lakeshore's interest or by virtue of service of the writ of attachment and summons in garnishment, we see no distinction. Farm Bureau became accountable to Lakeshore for the disposition of the proceeds. In essence Farm Bureau became a stakeholder without authority to transfer the funds until the rights of the parties had been settled. *First National Bank of Indianapolis v. Armstrong* (1884), 101 Ind. 244, 247. When Farm Bureau answered in the garnishment proceedings that it had already paid the funds to the Christodoulous, the equitable lien and Farm Bureau's liability to Lakeshore were put into issue.

In *Union Bank & Trust Co. of Kokomo v. Vandervoort, supra,* the creditor garnisheed the bank to reach funds of the debtor on account at the bank. The day after the bank was served with process in the proceedings, the debtor withdrew the entire amount from his account and transferred it out of state. This Court held that with service on the bank an equitable lien attached and payment thereafter of the funds to the debtor was wrongful. It upheld the trial court's order treating the funds as still in the custody of the bank and ordering the bank to pay to the creditor the amount of the debtor's savings account, or so much thereof as was necessary to satisfy the judgment. *Id.* at 727–28. Likewise, in *First National Bank of Indianapolis v. Armstrong, supra,* the Supreme Court upheld the trial court's judgment against a garnishee who claimed it held no property belonging to the debtor because it had assigned to another the collateral of the debtor which it held as security for an indebtedness due from the debtor. Since the collateral was sold by the assignee for more than the amount of the original indebtedness, the garnishee was held liable to the judgment creditor for the amount realized in excess of the indebtedness which the collateral secured. *Id.* at 248. The point being that the garnishee's liability and accountability for the fund sought to be garnished are properly determined in the proceedings supplemental in which the garnishee is a party.

■ When Lakeshore moved to have Farm Bureau dismissed with prejudice from the proceedings, it put to rest forever, the issue of Farm Bureau's liability for the disposition of the insurance proceeds. It is well settled that a dismissal with prejudice is a dismissal on the merits and as such it is conclusive of the rights of the parties and res judicata as to the questions which might have been litigated. *Aeronautics Commission of Indiana v. State Ex Rel. Emmis Broadcasting Corp.* (1982), Ind. App., 440 N.E.2d 700, 703; *Midway Ford Truck Center, Inc. v. Gilmore* (1981), Ind. App., 415 N.E.2d 134, 136. Lakeshore's position as a mortgagee with an equitable lien on the insurance proceeds does not

elevate it to a status above that of any other judgment creditor who acquires a lien against a debtor's property in the hands of a third party. Once the lien attaches either by notification prior to garnishment or by service of a summons in garnishment, the fund is, in effect, frozen, the garnishee is accountable and the garnishment proceeding is the mechanism, when so chosen by the creditor, for requiring the garnishee to account for the debtor's property. The garnishee's possession of the property or liability therefor is the issue to be determined in such a proceeding. When Lakeshore dismissed Farm Bureau with prejudice from the proceedings supplemental, it operated as an adjudication on the merits of that issue. To allow Lakeshore to sue Farm Bureau in a later cause of action for the wrongful disposition of the proceeds would be a retrial of the issue that was or should have been litigated in the earlier proceedings and contravenes the principle that the same property may not be pursued in successive proceedings. *Tipton v. Flack* (1971), 149 Ind.App. 129, 271 N.E.2d 185, 190.

Lakeshore argues further that the dismissal is void nevertheless because the underlying default judgment against the Christodoulous was subsequently set aside. Since proceedings supplemental are merely a continuation of the main action, if judgment in the main action is set aside then orders in the ancillary proceeding must also be considered set aside. We find no merit in this argument under the facts of this case and Lakeshore cites no authority in support of this proposition. While it is true that if judgment *against* the debtor is subsequently reversed a judgment *against* the garnishee must also fall, *Lesh v. Davison* (1914), 181 Ind. 429, 104 N.E. 642, 643; it does not follow that when judgment against the debtor is set aside a judgment *in favor* of the garnishee is also set aside. In the latter case the garnishee has been found to have no liability for property of the debtor, regardless of what later happens between the judgment debtor and the judgment creditor. In *Lake Shore Trust &*

*Savings Bank v. Casey* (1933), 97 Ind.App. 408, 185 N.E. 463 the trial court quashed a garnishment against a bankruptcy trustee holding funds of the judgment debtor. The creditor appealed the order and the debtor claimed that the ruling was not a final appealable order. This Court affirmed and held that a ruling discharging a garnishee is a final appealable order; it forever disposes of the controversy between the creditor and the garnishee. When the garnishment proceedings and the garnishee are discharged, the garnishment lien is also discharged. No continued or subsequent proceedings between the creditor and the judgment debtor in the main action could in any way effect the garnishee. *Id.* at 464. This is precisely the situation in the case at bar, the rights and liabilities of the parties with respect to the insurance proceeds were adjudicated in the proceeding supplemental. Lakeshore dismissed Farm Bureau from the proceedings with prejudice; the issue of Farm Bureau's custody, handling, or mishandling of the insurance proceeds was put to rest.

Absent any move by Lakeshore to have the dismissal set aside pursuant to Ind. Rules of Procedure, Trial Rule 41(F) and 60(B) the dismissal must stand as an adjudication on the merits and as such bars Lakeshore's present action against Farm Bureau for the wrongful disposition of the insurance proceeds. The trial court's judgment is therefore affirmed.

GARRARD and HOFFMAN, JJ., concur.