**Edward H. KOORS, et al.,**
**Appellant (Plaintiff),**

v.

**GREAT SOUTHWEST FIRE**
**INSURANCE COMPANY,**
**Appellee (Defendant),**

**Donald E. HEDRICK, et al.,**
**Appellant (Defendant),**

v.

**Edward H. KOORS, et al.,**
**Appellee (Plaintiff).**

**No. 29A02–8708–CV–00315.**

Court of Appeals of Indiana,
Second District.

May 16, 1989.

Michael J. Tosick, Free, Brand, Tosick & Allen, Greenfield, for Edward H. Koors, et al.

Vance Hartke, Hartke & Hartke, Falls Church, Va., for Donald E. Hedrick, et al.

Robert W. Geddes, Michael E. Simmons, Hume, Smith, Geddes & Green, Indianapolis, for Great Southwest Fire Ins. Co.

Michael J. Tosick, Free, Brand, Tosick & Allen, Greenfield, for Edward H. Koors, et al.

## ON PETITION FOR REHEARING

BUCHANAN, Judge.

Great Southwest Fire Insurance Company (the Garnishee) raises several questions concerning our earlier opinion, which appeared as *Koors v. Great Southwest Fire Ins. Co.* (1988), Ind.App., 530 N.E.2d 780, asserting in its petition for rehearing that we failed to discuss the continuing validity of a judgment in proceedings supplemental. We now elucidate.

We thought it obvious that we had disposed of all the issues raised by the parties. We did not address the proceedings supplemental because the result there was rendered moot by the reversal of the underlying case against Donald E. Hedrick (Hedrick) and the other named defendants. The Garnishee, however, asserts that the decision of the trial court in the proceedings supplemental continues to have validity irrespective of the reversal of the underlying case, citing no authority. Under the current trial rules, proceedings supplemental are merely a continuation of the *underlying claim* on the merits. Ind. Rules of Procedure, Trial Rule 69(E).

Previously this court has stressed the importance of a valid final judgment upon which the court may enter an order of garnishment in proceedings supplemental. Most often, we have discussed this issue in the context of a collateral attack on the underlying judgment; it is well established that the proceedings supplemental cannot be used to collaterally attack the underlying judgment. *See De Later v. Hudak* (1980), Ind.App., 399 N.E.2d 832; *see also North v. Newlin* (1982), Ind.App., 435 N.E. 2d 314, *trans. denied.*

Here, however, we consider the problem of the continuing validity of a proceedings supplemental which was based on an underlying judgment that has now been overturned. It is plain that with the reversal of the underlying judgment, the basic requirement of T.R. 69(E)(1), that the plaintiff own a judgment against the defendant, is not satisfied. Further, by attacking the underlying judgment, Hedrick has followed the method prescribed by our opinions in

*De Later* and *North.* Hedrick has done everything necessary to preserve his claims of error concerning the underlying judgment and it is only reasonable that any proceedings supplemental based thereon has been rendered a nullity by the reversal of the underlying claim. *See, e.g., Lesh v. Davison* (1914), 181 Ind. 429, 104 N.E. 642 (the judgment against the principal defendant failing, it must also fail as to the garnishee defendant). To do otherwise would deny legal effect to the reversal of the judgment against Hedrick.

In a related argument, the Garnishee appears to contend that the favorable judgment it received in proceedings supplemental will have claim precluding effect in any future proceedings supplemental. It is apparent, however, that a judgment which has been reversed on its merits cannot have any claim precluding effect. *See* 50 C.J.S. *Judgments* § 702 (1947). The Garnishee's situation here is analogous to that of the insurer in *Simpson v. Motorist Mutual Ins. Co.* (7th Cir.1974), 494 F.2d 850. The insurer in *Simpson,* after receiving a favorable decision in the trial court, suffered a reversal of the decision for its failure to satisfy the jurisdictional amount. The court rebuffed the insurer's attempt to admit the previous reversed judgment on the issue of insurance coverage. *See id.* Similarly, our reversal of the trial court's decision on the merits, and the proceedings supplemental dependent thereon, eliminates any claim precluding effect in future proceedings.

The petition for rehearing is denied.

SHIELDS and GARRARD, P.JJ., concur.